**GRANT et al. v. NEVINS, County Supt. of Public Instruction, et al.**

No. 26812.    Sept. 8, 1936.

Rehearing Denied June 8, 1937.

Application for Leave to File Second Petition for Rehearing Denied June 22, 1937.

Sigler & Jackson, for plaintiffs in error.

James K. Eaton, Co. Atty., and W. E. Foster, Asst. Co. Atty., for defendants in error.

CORN, J. On May 8, 1922, the county superintendent of public instruction of Okmulgee county made an order changing the boundary of school district No. 38 in said county, detaching therefrom and attaching to school district 54 certain territory. On November 23, 1933, Mary Grant and other owners of land in the territory transferred by said order filed suit in the district court of said county against the county superintendent, tax assessor, and county treasurer, attacking the validity of the order of the county superintendent transferring said territory from district No. 38 to district No. 54, and praying that a writ of certiorari issue to the defendants commanding them to certify and return to the court all records of the proceedings that the court might review them, and that upon the hearing of said cause, the said purported order be vacated and set aside, and that the tax assessor be ordered and directed to reassess said lands for the several years for which the taxes were unpaid and delinquent at the legal rates for said years respectively levied on the lands in district No. 38, and that the county treasurer be ordered and directed to accept payment of the taxes on said lands according to the reassessment prayed for by the plaintiffs. A writ of certiorari was granted by the court, and the defendants filed a motion to quash the writ. District 54 was permitted to intervene and it joined in the motion to quash. A hearing was had upon the motion and the court sustained the motion and quashed the writ. On leave of the court, the plaintiffs filed an amended petition setting forth substantially the same facts as set out in the original petition, alleging that the petition for change of boundary shows upon its face that it is insufficient to give the county superintendent jurisdiction in the matter, in that it states that the signers compose more than one-third of the qualified electors residing in the territory petitioned to be changed, but does not state that it is signed by more than one-third of the qualified electors residing in district No. 38, from which the territory is sought to be detached.

The amended petition further alleges that there were more than 200 qualified electors residing in said district at that time and the petition bears only 16 signatures, some of which it is alleged were residents of district No. 54. Said amended petition also complains that district No. 54 assumed bonded indebtedness of $20,000 from district No. 26 when the territory comprising district No. 54 was detached therefrom to form a new district, which was prior to the order complained of in this action, but this part of the amended petition was abandoned by plaintiffs on appeal. The prayer of the amended petition seeks a judgment of the court vacating, setting aside, and canceling the order of the county superintendent detaching said territory from district No. 38, and a reconstruction of the tax records so that the plaintiffs might pay their delinquent taxes at the rate levied against property in district No. 38 for those years.

A demurrer to the amended petition was sustained by the court, and the plaintiffs electing to stand upon their amended petition and declining to plead further, the court dismissed the same. The plaintiffs appealed on transcript of the record from the final order of the court sustaining said demurrer and dismissing the case.

It is clear from the pleadings that the plaintiffs were not seeking to vacate the order for the purpose of restoring the detached territory embracing their lands to district No. 38 for school purposes, but that the ostensible purpose of the action was to obtain relief from the payment of certain school taxes levied for district No. 54, which were greatly in excess of the school taxes levied for district No. 38. The taxes on the plaintiff's property were delinquent for several years back. They permitted these taxes to be assessed and levied

and to become delinquent without resorting to the remedy provided by the statute for relief in such cases.

It is a well-settled rule that relief will not be granted by a court of equity, where at the time there is a plain, specific and adequate remedy at law; and this rule has been strictly adhered to by this court in all tax cases involving alleged illegal levies which have come to us for determination.

The trial court committed no error in sustaining the demurrer and dismissing the case, and the judgment of the trial court is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and PHELPS, JJ., concur.