## O'REILLY et al. v. SCHUERMEYER et al.

No. 20818.   Opinion Filed April 5, 1932.

E. T. Cadwell, for plaintiffs in error.

W. F. Schuermeyer, for defendants in error.

HEFNER, J. On May 10, 1928, Franklin Securities Company, a corporation, instituted an action in the district court of Tulsa county against Katherine L. and R. J. O'Reilly and the Tulsa Building & Loan Association to foreclose a lien against lot 6, in block 98, in the city of Tulsa. The building and loan association filed a cross-petition against its codefendants in which it alleged that they executed a mortgage to it against the lot in question, and prayed for foreclosure thereof. Defendants O'Reilly were not served with summons, but on the first day of August, 1928, entered their voluntary appearance to the action and filed an answer consisting of a general denial. No further defense was made by them to the action. On September 28, 1928, W. F. Schuermeyer asked that he be made a party defendant to the action and be permitted to file an answer and cross-petition therein. The application was granted, and on the same day he filed his answer and cross-petition against defendants O'Reilly in which he alleged that he had a lien against the lot in question for the sum of $487.50, by virtue of a judgment rendered in his favor in the court of common pleas of Tulsa county against R. T. Courtney; that Courtney was in truth and fact the owner of the lot, and that defendants O'Reilly were holding the same in trust for him: and prayed that his judgment be declared a valid lien against the property subject to the liens of the plaintiff and defendant building and loan association.

No notice or summons was served upon defendants O'Reilly of the filing of the cross-petition of defendant Schuermeyer against them. Judgment was rendered in his favor against them in their absence. Judgment was also rendered in favor of plaintiff foreclosing its lien and in favor of defendant building and loan association foreclosing its mortgage.

No complaint is made as to the judgments in favor of plaintiff, or the building and loan association, but on February 20, 1929, defendants O'Reilly filed their motion to vacate the judgment rendered in favor of cross-petitioner Schuermeyer on the grounds that they had no notice of the filing of the cross-petition against them. The motion was overruled, and an appeal is duly prosecuted therefrom by defendants.

The original action was filed against defendants on May 10, 1928, as stated above, and the answer and cross-petition of Schuermeyer was filed September 28, 1928, or more than 20 days after the filing of the original cause of action. After having entered their general appearance and having filed their answer to the action, defendants O'Reilly were in court for every purpose connected with the action, and were required to take notice of all pleadings, including any cross-petition which might have been filed against them, so long as the time required for them to plead had not expired. But after the expiration of this time, they were not required to taken notice of any cross-petition filed against them, and judgment rendered thereon without notice to them is invalid.

In the case of Wood v. Speakman, 153 Okla. 180, 5 P. (2d) 121, this court announced the following rule:

"Where a defendant to an action has waived service of summons and has entered his general appearance in the cause, he is in court for every purpose connected with the action, and must take notice of all pleadings including a cross-petition against him so long as the time has not expired for him to plead. After the expiration of such time, if a codefendant files a cross-petition against him, he must be served with notice thereof before a judgment taken thereon will be valid against him."

This case is decisive of the question here involved, and defendants' motion to vacate should have been sustained.

Defendants further urge that the cause of action set forth in the cross-petition is not germane to the cause of action set forth in plaintiff's petition, and that the judgment rendered thereunder was therefore void on its face under the rule announced by this court in the case of Whitehead v. Bunch, 134 Okla. 63, 272 P. 878. Defendants, however, in the present action, ask that the judgment be vacated, and that they be permitted to appear and defend against the action pleaded by Schuermeyer in his cross-petition. Having asked permission to defend the action set forth and pleaded in the cross-petition, they waived the question that the matters therein contained are not germane to the cause of action pleaded by plaintiff in its petition, and the rule announced in the Whitehead Case, supra, is therefore without application.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.