### GLENN v. PRENTICE et al.

No. 20911. Opinion Filed May 17, 1932.

Rehearing Denied June 21, 1932.

O'Conner, Marshall & Cobb, for plaintiff in error.

G. C. Spillers and Donald Prentice, for defendants in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by Henry Stoffel against J. B. Prentice to quiet title to part of lot 4, block 81, in the city of Tulsa.

Plaintiff alleged that he was the owner of a portion of the lot in question and that defendant also owned a part thereof and was claiming a portion which belonged to plaintiff. Defendant contended that F. E. Glenn and others were claiming some right, title, and interest in and to the lot, and at her request they were made parties defendant. Defendant Prentice then filed a cross-petition in which she alleged that she was the owner of a portion of the lot; that defendant Glenn also owned a portion thereof, but was claiming to be the owner of certain portions which belonged to her; and that he had erected a building thereon, part of which extended over on her part of the lot a distance of 1.2 feet one way and 17 feet the other. She further alleged that the other defendants had no right, title, or interest whatever in and to the premises.

Upon the filing of her cross-petition, defendant Prentice caused summons to be issued and served upon defendant Glenn. The summons, however, notified Glenn that he had been sued by plaintiff and commanded him to appear and answer the petition filed by plaintiff instead of reciting that he had been sued by cross-petitioner Prentice and commanding that he appear and answer the cross-petition. Defendant Glenn failed to appear in the action, and on March 30, 1925, judgment was entered against him in favor of defendant Prentice on her cross-petition.

Thereafter, and on October 14, 1926, Glenn entered a special appearance and filed a motion to vacate the judgment on the ground that the same was void. The motion was by the trial court overruled. Defendant Glenn has appealed and asserts that the judgment is void because he had no notice that defendant Prentice had sued him and was claiming judgment against him: that the summons served upon him recited that he had been sued by plaintiff, and was therefore insufficient to confer jurisdiction upon the court to render judgment against him in favor of defendant Prentice on her cross-petition.

To sustain his contention, appellant relies upon section 277, C. O. S. 1921, which provides:

"When it appears that a new party is necessary to a final decision upon a counterclaim, the court may either permit the new party to be made by a summons to reply to the counterclaim, or may direct the counterclaim to be stricken out of the answer, and made the subject of a separate action."

It is appellant's contention that, under this section, the summons should have recited that he had been sued by cross-petitioner and that unless he appeared and answered such cross-petition judgment would be rendered against him in her favor. It is further urged that it is necessary to the validity of the summons that it notify the party intended to be sued of the person who is asserting a claim against him; that the summons in the instant case did not so notify him, but only notified him that he had been sued by plaintiff. He argues that such summons does not vest the court with jurisdiction to render judgment against him in favor of any party other than the plaintiff. We do not agree with these contentions. While the summons is irregular, it is not void.

The regularity of the service itself is not questioned. It was regularly served upon appellant. It was sufficient in form to confer jurisdiction on the court over his person. The court having thus acquired jurisdiction over his person, defendant Glenn was in court for all purposes connected with the action, and, even though plaintiff's petition did not state a cause of action against him, he was required to take notice of all pleadings, including any cross-petition filed against him, before the time fixed for him to plead had expired.

The cross-petition of defendant Prentice was filed before the summons was issued and served, and, upon its service he was required to take notice of all pleadings then on file against him. In the case of Wood v. Speakman, 153 Okla. 180, 5 P. (2d) 121, the following rule is announced:

"Where a defendant to an action has waived service of summons and has entered his general appearance in the cause, he is in court for every purpose connected with the action and must take notice of all pleadings, including a cross-petition against him, so long as the time has not expired for him to plead. After the expiration of such time.

if a codefendant files a cross-petition against him, he must be served with notice thereof before a judgment taken thereon will be valid against him."

Under authority of the above case, appellant having been properly served with summons, he was in court for all purposes connected with the action and was required to take notice of the cross-petition of his codefendant which was on file against him before the time for him to plead had expired.

The judgment rendered in favor of defendant Prentice on her cross-petition was not void, and the court ruled correctly in refusing to vacate the same. The judgment is affirmed.

RILEY, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.