## BOEPPLE et ux. v. ESTILL.

No. 27590.   Sept. 21, 1937.

Rehearing Denied Nov. 2, 1937.

Otjen & Carter, for plaintiffs in error.

C. F. Dyer, for defendant in error.

GIBSON, J.   This is an action in ejectment and to quiet title commenced in the district court of Garfield county by defendant in error, Elmer Estill, against plaintiffs in error, Frederick Boepple and his wife, Regina Boepple.   Defendant in error is hereafter referred to as plaintiff and the plaintiffs in error as defendants.

The action grew out of the following facts and circumstances:

On November 20, 1930, the Albright Title & Trust Company commenced an action in the above-named court against said defendants, then the owners and in possession of the land in question, to foreclose its mortgage theretofore executed by defendants.   The American State Bank of Covington, then apparently under process of liquidation, and C. G. Shull, State Bank Commissioner, were made parties by reason of a certain second mortgage then held by the bank upon the land involved.   After due service of process and trial, judgment was entered in favor of said company against the defendants herein for the amount of its alleged indebtedness, and decreeing foreclosure of its mortgage as a first and superior lien upon the premises. Judgment was also rendered for the bank for the amount claimed, and decreeing foreclosure of its second mortgage as prayed for in its answer and cross-petition.

The foregoing judgment was rendered March 23, 1931.   On the following November 13th, after due process and sale, the court entered its order of confirmation and directing the execution of sheriff's deed to the purchaser, the Albright Title & Trust Company, and the issuance of writ of assistance to place said purchaser in possession.

Defendants refused to vacate the premises, and on January 21, 1932, in response to citation to show cause why the aforesaid writ of assistance should not be enforced, they appeared in court, whereupon the court entered its order of ejectment against them, subject to a stipulation and agreement between the parties to the effect that said company was to deliver a lease to defendants upon payment by them to the company of the sum of $112.50; said lease to expire August 1, 1932. This lease was accordingly executed and delivered, and defendants continued in possession of the premises.

Thereafter a son of defendants procured from said company two consecutive leases beginning at the expiration of the aforesaid lease executed to defendants. These latter leases have expired, or have been assigned, as suggested in the briefs, to the present plaintiff. Defendants continued at all times, and now continue, to reside on the land.

Their defense to the present action consists of alleged promises and representations made during the foreclosure action and prior to the expiration of the redemption period by the officers and agents of the Albright Title & Trust Company, to the effect that the defendants would not be pushed; that the statutory period of redemption would not be insisted upon, all of which the defendants believed and relied upon, and that the plaintiff, Estill, prior to his purchase of the land was notified of defendants' claim of an equity of redemption.

As a further defense it is charged that the judgment in foreclosure was void, therefore rendering void the sheriff's deed based thereon, thus also rendering void the deed from Albright Title & Trust Company to plaintiff, so far as the defendants' rights are concerned.

The first assignment of error challenges the action of the court in overruling defendants' demurrer to plaintiff's evidence.

In support of this assignment defendants say that the answer and cross-petition of its codefendant, American State Bank, to foreclose its second mortgage was not filed until after defendants' time to plead had expired, and that defendants had no notice thereof and were afforded no opportunity to answer said cross-petition. It is asserted that the judgment in favor of said bank in the foreclosure action was, for the foregoing reasons, void (Wood v. Speakman, 153 Okla. 180, 5 P. (2d) 121; Central Nat. Bank v. Sharp, 168 Okla. 516, 34 P. (2d) 241); and that said foreclosure judgment, being void in part, is void as a whole. 33 C. J. 1051. At this point defendants take the position that under the decree of foreclosure, in order to redeem the premises, they were required to pay not only the judgment of the Albright Title & Trust Company, but also the one rendered in favor of the American State Bank, which latter judgment was void for want of notice and an opportunity to defend against the cross-petition upon which the judgment was based. They proceed upon the theory that the judgment as a whole is void upon its face and for that reason may be set aside at any time. Section 563, O.

S. 1931; Arnold v. Joines, 50 Okla. 4, 150 P. 130.

The position thus assumed by defendants is untenable. Here, in a collateral proceeding, the validity of a judgment of a court of general jurisdiction is questioned. Such judgment is not subject to collateral attack unless its invalidity appears upon the face of the record. Reliance Clay Products Co. v. Rooney, 157 Okla. 24, 10 P. (2d) 414. The invalidity charged goes to the question of the trial court's judicial power to render the particular judgment, not to the question of the court's jurisdiction of the subject matter or of the person. Better practice, not the statute, requires service of the notice here omitted in order that the defendant may have an opportunity to defend against the cross-petition of his codefendant. Wood v. Speakman, supra; Central Nat'l Bank v. Sharp, supra.

The principal defendant, according to the last-cited cases, is not charged with notice of a cross-petition filed by his codefendant subsequent to the expiration of the principal defendant's time to plead as shown by the summons. The function of the notice is no greater than that of the original summons. Each affords the adverse party an opportunity to defend against the respective pleadings upon which it is based. Inasmuch as the summons is waived and all its purposes satisfied by the general appearance of defendant, Pine v. Hill, 158 Okla. 277, 13 P. (2d) 154, so may also the service of a notice possessing similar, and no broader, functions be waived and its purposes fully served by like action on the part of the defendant.

In the present case the foreclosure judgment shows upon its face that the defendants proceeded to trial, permitted the bank to present its cross-petition and the court to render judgment without objection from the defendants. Defendants had notice of such cross-petition and waived service of notice thereof by failure to lodge objections at the proper time. The purposes of the notice were therefore fully served and defendants cannot now be heard to complain.

The cases relied upon by defendants (Wood v. Speakman, supra; Central Nat. Bank v. Sharp, supra) concerned default judgments where the judgment roll failed to show service of the required notice upon defendants, and showed no pleading to the cross-petition and no appearance of defendants at the trial. The question of waiver was not there considered.

Defendants also rely upon the alleged oral agreement entered into between them and the mortgagee prior to the expiration of the redemption period, as aforesaid, and of which the plaintiff is alleged to have received notice prior to his purchase of the premises from the mortgagee. In refusing defendants' offer of proof to that end, the trial court held that the assurances and promises thus relied on were oral, within the statute of frauds (section 9455, O. S. 1931), and therefore unenforceable. This action of the court is assigned as error.

In support of their contention defendants rely upon the decision in Schroeder v. Young, 161 U. S. 334, 40 L. Ed. 721, and certain cases from other jurisdictions. It is not necessary, however, for us to determine the applicability of the rule there stated, for, by reason of the acts of the defendants as heretofore related, their alleged oral agreement has been shorn of all the equities that may have formerly sustained it and saved it from the operation of the statute of frauds. They were no longer laboring under a sense of false security allegedly produced by the promises of their mortgagee; no room remained for the admittance of such an assertion unaccompanied by offer of proof of extenuating facts. For this reason we agree with plaintiff that defendants were estopped from insisting upon proof of the bare fact from which their alleged equities originally arose. They now offer proof of an oral contract for an interest in land, unsupported by possession of the premises thereunder, by consideration, or by any other circumstance that would save it from the operation of the statute of frauds, subdivision 5, section 9455, O. S. 1931, which reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * *

"5. An agreement for the leasing for a longer period than one year or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The trial court could do nothing other than refuse the offer of proof. The judgment is, therefore, affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.