## BLAKENEY et al. v. ASHFORD et al.

No. 27850.    June 28, 1938.

Blakeney    Wallace, Brown & Blakeney, for plaintiffs in error.

Goode, Dierker & Goode, for defendants in error.

HURST, J. This is an appeal from an order vacating a judgment in favor of Lena Whittaker Blakeney and B. B. Blakeney against their codefendants, R. R. Ashford and Nora E. Ashford. The question for decision arises under the following circumstances:

On August 4, 1932, Iola M. Abel commenced this action to foreclose two real estate mortgages given by the defendants R. R.

Ashford and Nora E. Ashford    Lena Whittaker Blakeney was made a party defendant, the petition alleging that she claimed some interest in the mortgaged premises. Summons was served on the Ashfords and they were required to answer by September 6, 1932. Summons was served on Mrs. Blakeney on August 9, 1932, an alias summons was served on her on April 3, 1934, but she filed no answer until June 29, 1934, at which time she and her husband, B. B. Blakeney filed what they designated as an answer, but which was in fact an answer to the petition, and a cross-petition against the Ashfords. By the cross-petition they sought to rescind a contract whereby the Blakeneys conveyed to the Ashfords certain land in exchange for the land covered by the mortgages involved in this case, and to cancel the deed they gave the Ashfords, and for possession of the other land.

On September 15, 1934, a default decree of foreclosure was rendered against the Ashfords. In the foreclosure decree it was ordered that the controversy between the Blakeneys and the Ashfords be continued for future hearing. On May 18, 1935, an order confirming the sale of the mortgaged land was entered. On the same day a separate order was entered requiring R. R. Ashford and other defendants to plead to or answer the cross-petition of the Blakeneys on or before 15 days from that date. No summons or other notice was served on the Ashfords requiring them to answer said cross-petition. On March 13, 1936, a default judgment was rendered against the Ashfords canceling the deed from the Blakeneys to them and quieting title to the land thereby conveyed, and decreeing the Blakeneys possession thereof. On September 15, 1936, the Ashfords filed a verified motion to vacate the judgment of March 13, 1936, on the ground that they were not served with summons and had no notice or knowledge of the pendency of said cross-petition, and the court was without jurisdiction to enter said judgment. This motion was sustained, and the judgment in favor of the Blakeneys on their cross-petition was vacated    From that judgment the Blakeneys appeal.

We are committed to the rule that a defendant, who has been regularly served with summons, is required to take notice of all pleadings, including cross petitions, filed against him prior to the expiration of the time for him to answer, but that he is not required to take notice of cross-petitions filed against him by his codefendants after

the expiration of the time for him to answer. This rule was first stated in Wood v. Speakman (1931) 153 Okla. 180, 5 P.2d 121, where this court carefully considered the question, as shown by the fact that a specially concurring opinion and a dissenting opinion were filed in the cause. This case has been followed or cited with approval in the following cases: O Reilly v. Schuermeyer (1932) 156 Okla. 167, 9 P.2d 923; Glen v. Prentice (1932) 158 Okla. 73, 12 P.2d 170; Central National Bank of Okmulgee v. Sharp (1934) 168 Okla. 516, 34 P.2d 241; Vinson v. Oklahoma City (1937) 179 Okla. 590, 66 P 2d 933; Turner v. Dexter (1935) 172 Okla. 252, 44 P.2d 984; Boepple v. Estill (1937) 181 Okla. 159, 72 P.2d 798. In the last named case the rule was recognized but the notice was held to have been waived by the fact that the defendant, against whom the judgment was rendered, appeared and contested the cross-petition of his codefendant.

The plaintiffs in error argue that we should depart from the said rule and adopt the one followed in Kansas and in other jurisdictions to the effect that a defendant once served with summons must take notice of all claims and cross petitions that may be filed in the cause prior to final judgment in the action. We have given careful consideration to the argument of the plaintiffs in error. This rule has become a settled rule of procedure, by which the trial courts have been guided since 1931, and we decline to depart from the same. It works no great hardship upon a defendant desiring to litigate a question with a codefendant, and it is fair to the defendant who has no defense to the plaintiff's claim and cannot, or does not care to, go to the expense of employing an attorney to defend him or to keep him advised as to any new issues, which may adversely affect him, that may arise after the time for him to answer has expired.

It follows that, the cross-petition having been filed after the time for the Ashfords to answer had expired, and the Ashfords being in default, the court was without jurisdiction to render the particular judgment, and the court properly vacated the same.

The judgment of the trial court vacating said judgment is affirmed and the cause is remanded, with directions to proceed not inconsistent with the views herein expressed.

BAYLESS, V. C. J., and RILEY, WELCH, and GIBSON, JJ., concur.