

John E. Luttrell, of Norman, for plaintiff in error.

E. L. Mitchell, W. A. Barnett, A. L. Herr, C. W. King, and W. F. Speakman, all of Oklahoma City, for defendant in error.

George R. Inglish, Co. Atty., and Benjamin F. Moak, Asst. Co. Atty., both of Okmulgee (J. Berry King and George J. Fagin, both of Oklahoma City, of counsel), for plaintiffs in error.

C. B. McCrory, G. R. Horner, and E. F. Maley, all of Okmulgee, for defendants in error.

ROBERTS, County Treas., et al. v. PASCHALL et al.

No. 30067. March 16, 1943.

Rehearing Denied June 29, 1943.

*138 P. 2d 834.*

DAVISON, J. This case is presented on appeal from the district court of Okmulgee county. In it the legal existence and territorial integrity of a school district, which has been functioning as an integral part of our educational system since 1917, are attacked. One of the most serious questions confronting us is whether the problem presented in connection with the organization and subsequent expansion of the school district was properly before the trial court for judicial consideration in this lawsuit.

In order to determine the question of remedial law, attention must be directed to the history and development of this particular lawsuit. It is also appropriate to observe at the outset that the existence of the same school

district has been previously challenged before the courts.

In June of 1937, the decision of this court in Grant v. Nevins, County Superintendent, 180 Okla. 336, 69 P. 2d 42, became final. In that case we were reviewing on appeal another judgment of the district court of Okmulgee county. An aggrieved taxpayer had sought to avail himself of certiorari to avoid the burden of taxes imposed upon him by reason of the existence of school district No. 54 of that county. Therein the validity of the expansion of the district by the annexation of territory in 1922 was challenged. We approved and affirmed the holding of the trial court in that case, pointing out that the taxpayer had permitted the taxes "to be assessed and levied and to become delinquent without resorting to the remedy provided by the statute for relief in such cases."

On the 25th day of September, 1939, this action was instituted in the trial court by John N. Paschall, plaintiff, against E. L. Roberts, county treasurer of Okmulgee county, Okla.; the board of county commissioners of Okmulgee county, Okla.; school district No. 38 of Okmulgee county, Okla.; and · school district No. 54 of Okmulgee county, as defendants.

The standing of Mr. Paschall as plaintiff is predicated upon the theory that he was the owner of a quarter section of land which the county was claiming under a resale tax deed. The plaintiff says the deed is void because a portion of the taxes for which the land was sold were levied for general and sinking fund purposes of a nonexistent school district which has made an unlawful, void attempt to annex territory, including his land. The land is situated in territory which is claimed by the taxing authorities to be in district No. 54, but which (under plaintiff's theory) had never been validly acquired from district No. 38 (although since 1922 it had been treated by the taxing authorities and school district officials as constituting a part of district 54). Plaintiff also sponsors the theory that the

attempted creation of school district No. 54 which occurred in 1917 merely constituted an ineffective and therefore unsuccessful attempt to create a school district, since (as plaintiff alleged) in the attempted formation of the district an amount of territory was taken from another district (No. 26) which left such district with less remaining territory than the minimum amount fixed by statute.

Thus, plaintiff says in substance that his land is really in district No. 38, and that there had been a wholly ineffective attempt to annex it to a nonexistent school district. However, throughout the years this nonexistent district has maintained and operated a school system, and in connection with its maintenance, operation, and existence, taxes were · levied for general and sinking fund purposes. These levies for school district purposes are said by the plaintiff to have been illegal. As far as we are advised, he did not, however, protest the levies. Instead, he allowed his taxes to become delinquent for 1931 and subsequent years, as an ultimate result of which the land was sold to the county at resale in April of 1939 and a resale tax deed was issued.

Plaintiff sought general relief, which of course must be taken to include as the first and basic step a judicial declaration that the resale deed was void. Otherwise, plaintiff has no standing as a property owner in the questioned district.

The only asserted reason for invalidity of the tax deed is that the taxes for which the land was sold included levies made for school district purposes, which were illegal because of the manner in which the school district was created and territory annexed thereto, which creation and annexation occurred a number of years before the first levies complained of.

Upon the filing of his petition, setting forth in a more detailed manner than our foregoing epitomization of the facts relied upon, summons was issued. Service was obtained upon district No.

54 and the other defendants. The summons served upon district No. 54 fixed the answer day as October 27, 1939. That school district defaulted. The other defendants did not.

After the answer day fixed in the summons, H. D. Parsons and C. F. Howe intervened by leave of court. Each filed a petition in intervention asserting his alleged ownership of land which had been sold or attempted to be sold to the county at resale and attacking the validity of the resale and conveyances in connection therewith, for the same reasons as relied upon by the plaintiff.

Thereafter, and in the latter part of November, 1939, school district No. 38 filed its answer designated by it as "answer to petition including grounds for affirmative relief." In this answer it challenged the validity of the annexation of territory by district No. 54 in 1922, and sought a return of the territory previously taken from it by annexation. As above noted, at the time this cross-demand was filed in the action, school district No. 54 was in default. No additional summons or other notice was served on it.

Appropriate pleadings were filed on behalf of the county treasurer and board of county commissioners. The cause was tried to the court without the intervention of a jury resulting in a judgment whereby the tax deeds on the land claimed by the plaintiff, and the intervening individual defendants, were cancelled, and whereby the annexation of territory in 1922 by district No. 54 was declared invalid and ineffective as was the original formation of district No. 54 in 1917. Unpaid taxes for school purposes in the annexed territory were ordered cancelled and the levies made for district 38 were ordered extended to the territory previously treated as annexed by district No. 54 in instances where the taxes had not been paid. The county treasurer and the board of county commissioners have appealed, appearing herein as plaintiffs in error.

Obviously, much of the relief must be treated as having been granted upon the cross-demand of school district No. 38, for the judgment went far beyond the requirements of restoring to a property owner real estate which had been subject to attempted involuntary alienation through the execution of a void resale tax deed.

Insofar as such additional relief was granted it is challenged in this appeal on the theory that it was granted upon a cross-petition for affirmative relief filed principally against a defaulting defendant after answer day without service of additional notice.

Insofar as the cross-petition of district No. 38 seeking a dissolution of district No. 54 and the removal of territory from it previously said to have been acquired by annexation and so treated for years was concerned, district No. 54 was not in court and the court had no jurisdiction.

In Wood v. Speakman, 153 Okla. 180, 5 P. 2d 121, we promulgated in this jurisdiction the rule applicable to the situation herein presented and set forth the reasons for its announcement. We therein said:

" . . . We are inclined to agree with the contention that when Speakman filed his cross-petition, after the time had elapsed for the defendant Wood to plead, it was necessary for Wood to have notice of the cross-petition. It was the duty of Wood to take notice of all pleadings filed in the cause up and until the time had expired for him to plead.

"Wood may have had no defense to the cause of action pleaded by the plaintiff, and, if he did not, he naturally would not contest that cause of action. On the other hand, he may or may not have had a defense to the cause of action pleaded by his codefendant, Speakman. Litigation is often drawn out over a long period of time. We think it would be an unnecessary hardship upon a defendant, who had no defense to a cause of action pleaded by the plaintiff, to watch all pleadings filed through the entire course of the litigation for the purpose of seeing whether or not a codefendant filed a cross-petition against him. The better rule, it

seems to us, where Speakman filed his cross-petition against Wood, after the time for Wood to plead had expired, would be to require Speakman to give Wood a proper notice of the cross-petition. This would give an opportunity to defend against a cross-petition if it was the desire so to do."

See, also, Blakeney v. Ashford, 183 Okla. 213, 81 P. 2d 309, and numerous cases cited therein.

It is probably true that the board of county commissioners and county treasurer as public officials have an incidental interest and they might have been proper parties to a proceeding against the school district whose existence and territorial integrity was being attacked, but their presence in court did not authorize a proceeding against the district in its absence for that purpose. Nor did the fact that the plaintiff was attacking a tax deed upon the theory that a part of the taxes for which his land was sold resulted from a voidable levy for school district purposes charge the defaulting district with anticipation of such a change in the complexion and purpose of the litigation.

Insofar as the judgment attempts to dissolve district No. 54 or determine its territorial limits, it is void for want of proper notice to that district.

The judgment in favor of the plaintiff and interveners must also fall.

Judicial declaration of the invalidity of a tax levy or tax levies for school district purposes is herein sought. Assuming without deciding that a levy for school purposes may be attacked on the theory that there have been errors in making an annexation of territory to the district or the theory that the school district did not exist because of errors in connection with its creation, it does not follow that such an attack upon tax levies can be launched years after the levy, or levies, have been made, in a proceeding to set aside a tax deed.

Initiative Petition No. 100 was adopted by the people of this state on August 7, 1928 (prior to the levies herein attacked). By it the Court of Tax Review was created as a proper tribunal for determining the validity of tax levies. Section 2 thereof, now 68 O. S. 1941 § 332, provided in part:

" . . . If no protest is filed by any taxpayer as to the levy of any county or municipal subdivision thereof within said 40-day period all appropriations and levies of said county and municipal subdivisions thereof not protested, shall be deemed to be legal, and all proceedings for refunds or suits for refunds or recovery of taxes or to contest the validity thereof in any manner shall be barred."

The statute seems sufficiently plain to dispense with the necessity of discussion. Plaintiff does not claim that the levies were attacked successfully or otherwise before the Court of Tax Review. The levies are therefore now deemed to be legal.

Incidentally, it may be mentioned that for some purposes the old system of paying taxes under protest and individually seeking recovery thereof survived Initiative Petition No. 100, but procedure under the older law for attacking levies required payment under protest as a condition precedent to the institution of a suit. No such payment was herein involved.

No satisfactory argument is herein advanced for approving an attack upon a tax levy in this case which has not been protested, and inquiry into the form and manner of the creation of the school district and the establishing of its territorial boundaries is not a proper subject for judicial consideration in this action.

It follows that the decision of the trial court must be vacated and the cause reversed, with directions to proceed in a manner not inconsistent with the views herein expressed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur. OSBORN and ARNOLD, JJ., absent.