STATE ex rel. COM'RS OF LAND OFFICE v. BRINKMAN et al.

No. 33545. Oct. 11, 1949.
Rehearing Denied Nov. 22, 1949.

*211 P. 2d 801.*

T. J. Lee and Floyd Wheeler, both of Oklahoma City, for plaintiff in error.

Clyde Busey, of Holdenville, Holloman & Durfee, of Tulsa, and Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

O'NEAL, J. On and prior to February 8, 1927, L. J. Milburn was the owner of the fee title to the land here involved, namely:

The S. 1/2 of the N. E. 1/4 and the S. E. 1/4 of Section 11, Township 2 North, Range 3 West, Garvin County, Okla.

On February 8, 1927, L. J. Milburn and wife sold and by mineral deed conveyed to Sam Springer one-half of the mineral rights to said land, together with the right of egress and ingress. Said mineral deed was filed for record February 9, 1927. Thereafter, June 4, 1928, Sam Springer by deed sold and conveyed an undivided one-fourth of all the oil, gas and other mineral rights to said land to one Fred S. Brinkman, one of the defendants herein. Said mineral deed was filed for record June 13, 1928. August 10, 1928, Sam Springer sold and by mineral deed conveyed to Truman Rucker an undivided one-fourth interest in and to the mineral rights to said land.

May 7, 1929, the said Truman Rucker sold and by mineral deed conveyed to Bill Panos an undivided 10/240 interest; to Harry Panos a 5/240 interest; and to Tasia G. Carvounis an undivided 5/240 interest in and to the mineral rights in and under said land.

October 22, 1936, Harry Panos sold and conveyed to Wm. Panos his undivided 5/240 interest in the mineral rights, and on October 23, 1936, Wm. Panos sold and conveyed to Demetra Panos an undivided 10/240 interest in said oil, gas and mineral rights.

On or about March 19, 1927, L. J. Milburn and Pearl Milburn, his wife, made and executed a mortgage covering said land to the Commissioners of the Land Office of the State of Okla-homa. The mortgage by its terms covered the entire interest in the land.

Thereafter, L. J. Milburn and wife conveyed said land to George J. Humphreys, and on or about October 15, 1937, George J. Humphreys and Dora M. Humphreys, his wife, made and executed a renewal mortgage covering said land to the Commissioners of the Land Office to secure a note in the sum of $3,800, and that mortgage purported to cover the entire interest in said land and warranted the title.

On or about June 19, 1942, the State of Oklahoma ex rel. Commissioners of the Land Office commenced an action in the district court of Garvin county, cause No. 13511, to foreclose said mortgage. Therein George J. Humphreys and Dora M. Humphreys, his wife, and about eighteen other persons, including Fred S. Brinkman, Demetra Panos and Tasia G. Carvounis were made parties defendant. As to the latter named, defendants' petition alleged:

" . . . claim some right, title, interest, estate, or lien in and to the real property and premises hereinbefore described, the exact nature and extent of which is unknown to plaintiff, but plaintiff states that any right, title, interest, estate, lien or claim of said defendants, and each thereof, if the same in fact exists, and whatever the character and nature of the same may be is secondary, subject and inferior to the claim and lien of plaintiff herein by virtue of its said mortgage."

At that time Fred S. Brinkman was a resident of the city of Tulsa and said Demetra Panos and Tasia G. Carvounis were residents of Oklahoma City, Okla. Summons to Fred S. Brinkman, directed to the sheriff of Tulsa county, was issued and returned "not found." with the notation: "Fred S. Brinkman res. at Oklahoma City 6/26/42."

Summons to defendants Demetra Panos and Tasia G. Carvounis was issued, directed to the sheriff of Oklahoma county, and returned "not found." Thereupon, constructive service was had upon defendants Fred S. Brinkman, Demetra Panos, and Tasia G. Carvounis,

upon an affidavit of counsel of the Commissioners of the Land Office, stating that said defendants were nonresidents of the State of Oklahoma, and were not within the State of Oklahoma, and that plaintiff was unable, with due diligence, to make service of summons upon said defendants within the State of Oklahoma.

Wm. Panos does not appear to have been made a party defendant.

Neither Fred S. Brinkman, Demetra Panos, Wm. Panos nor Tasia G. Carvounis appeared to resist plaintiff's foreclosure in any manner.

Plaintiff dismissed as to George T. Humphreys under a statement that he was then deceased. In taking default judgment, plaintiff not only took judgment against Dora M. Humphreys, but also against defendants Brinkman, Demetra Panos, and Tasia G. Carvounis as holders and owners of interests junior and inferior to plaintiff's mortgage, and the result was to foreclose or decree foreclosure of admittedly prior interests of said defendants. At subsequent foreclosure sale, the plaintiff purchased the land and sheriff's deed was issued. Since the judgment contained the usual provision that after foreclosure sale the interest of all defendants would be barred, it appeared that the ultimate result was that the admittedly prior interest of said defendants had been foreclosed for the benefit of the plaintiff.

The judgment in foreclosure was entered May 12, 1943. Sheriff's sale was January 17, 1944, and was confirmed January 27, 1944. January 17, 1947, three years and eight months after the judgment was entered, Fred S. Brinkman commenced his separate action, No. 14566, in the district court of Garvin county, to cancel, set aside and annul the judgment and foreclosure insofar as it affected his one-fourth interest in the minerals and mineral rights in said land.

March 14, 1947, Demetra Panos, Wm. Panos, and Tasia G. Carvounis commenced their separate action, No. 14599, in the district court of Garvin county, to cancel and set aside the foreclosure judgment and sale insofar as it affected their several interests in the minerals and mineral rights in said land. In both cases plaintiffs assailed the foreclosure judgment as being void. They also assailed the judgment because of the alleged falsity of the affidavit to obtain service by publication and alleged that plaintiff well knew, or should have known, that plaintiffs in these actions were residents of Tulsa county and Oklahoma county, respectively. They further alleged that the allegations in the petition to foreclose the mortgage of said defendants, plaintiffs in this action, "claim some right, title, interest, estate or lien in and to the real property and premises hereinbefore described, the exact nature and extent of which is unknown to plaintiff, but plaintiff states that any right, title, interest, estate, lien or claim of said defendants, and each thereof, if the same in fact exists, and whatever the character and nature of the same may be is secondary, subject and inferior to the claim and lien of plaintiff herein by virtue of its said mortgage," were false, and known by plaintiff to be false, and that his records disclosed the mineral rights and title of said defendants. They further alleged that they had no knowledge or notice of the foreclosure proceedings and did not discover the alleged fraudulent and false affidavits to obtain service by publication until about December, 1946.

The cases were consolidated in the trial court under No. 14556, resulting in a judgment and decree canceling and setting aside the foreclosure judgment and sale thereunder in the sheriff's deed insofar as they affected the one-fourth mineral and mineral rights of Fred S. Brinkman and the several interests of Demetra Panos, Wm. Panos, and Tasia G. Carvounis. From this judgment and decree the State of Oklahoma on relation of the Commissioners of the Land Office appeals.

After the trial of the cause in the district court, plaintiff Fred S. Brinkman died and the case was revived as to him in the name of Anne H. Brinkman, individually, and as executrix of the will of Fred S. Brinkman, deceased.

The essential facts in this case, except as to a resale tax deed, are substantially the same as were the facts in State ex rel. Commissioners of the Land Office v. Reynolds, 201 Okla. 400, 206 P. 2d 184.

As in that case, the record in the instant case discloses that defendants in error herein, or their grantors, acquired their interest, which was shown of record, prior to the execution of plaintiff's mortgage. Here, as there, there was no allegation in the petition to foreclose of any fact or circumstances and no suggestion of any reason why these formerly acquired interests of defendant in error herein would or should have been subject to the mortgage.

The questions presented by counsel herein were all carefully considered in State ex rel. Commissioners of the Land Office v. Reynolds, supra. We deem it unnecessary to again discuss them at length.

Counsel for plaintiff in error call attention to the fact that a resale tax deed was issued to Garvin county, covering the land in question in May, 1941. In this connection, counsel call attention to 68 O.S. 1941 §394, which provides:

"Whenever any lands shall be sold for delinquent taxes under the provisions of this Article, upon which any mortgage or other lien exists in favor of the State of Oklahoma or the Commissioners of the Land Office or any other commission, board or officer having power to loan public funds, or any funds under the control of the State upon real estate security, such tax shall be secondary at all times to the lien of the State or of the Commissioners of the Land Office, or of such commission, board or officer."

Thereunder the lien of the State or the Commissioners of the Land Office would only extend to and cover the interest in the property covered by the mortgage.

The board of county commissioners of Garvin county is not a party to this action and the Commissioners of the Land Office have no interest in the ownership of that interest in the land not covered by the mortgage.

Under the record and the rules stated in the Reynolds case, supra, there was no error in vacating the judgment and sale and canceling the sheriff's deed after the interest of defendant in error.

Affirmed.