Lawrence A. CURTIS, also known as L. A. Curtis, Plaintiff in Error,

v.

Celestine BARBY; Lloyd R. Barby; Bonita Speer; Otto C. Barby; Ralph E. Barby; The Cabot Carbon Company, a corporation, Defendants in Error.

No. 38990.

Supreme Court of Oklahoma.

Oct. 24, 1961.

Rehearing Denied Nov. 28, 1961.

Miles & Miles, Beaver, for plaintiff in error.

Lansden & Drum, Beaver, for defendants in error.

Roscoe C. Elmore, Pampa, Tex., for defendant in error, Cabot Carbon Co.

IRWIN, Justice.

On December 8, 1958, plaintiff in error, Lawrence A. Curtis, also known as L. A. Curtis, commenced proceedings to quiet title to an undivided one-fourth interest in the minerals in and under properties located in Beaver County, Oklahoma. Defendants filed a general denial and a cross-petition to quiet their title to the minerals. Plaintiff appeals from a judgment quieting title to the minerals in favor of the defendants. The parties will be referred to by name or their trial court designation.

The controlling issue involved is the validity of a judgment against L. A. Curtis rendered by the District Court of Beaver County, Oklahoma, on June 26, 1922, in Case No. 2920, wherein two mortgages were foreclosed which covered the mineral interest involved herein and the mineral interest under other lands. The defendants

deraign their title from the purchaser at the sheriff's sale and L. A. Curtis contends that the proceedings in the foreclosure action are void. To clarify the issues and the conclusions of this Court, a detailed statement of the facts is submitted.

### Facts

On March 4, 1922, The Pioneer Mortgage Company commenced foreclosure proceedings in Case No. 2920, in the District Court of Beaver County, Oklahoma, against L. A. Curtis, Arletta Curtis, his wife, Charles C. Devore and Bertie L. Devore, his wife, C. L. Leiter, and others to foreclose a mortgage covering the NW¼ of Sec. 9, 2N, 27 E.C.M. Personal service was had on L. A. Curtis, plaintiff herein, and Arletta Curtis, his wife, and their answer date was May 22, 1922.

On June 7, 1922, a codefendant C. L. Leiter filed his answer and cross-petition. The material allegations of the cross-petition were: That on March 7, 1921, Charles C. Devore and Bertie L. Devore, his wife, for a good and valuable consideration, made, executed and delivered said note to C. L. Leiter, the present owner and holder thereof, and that by reason of the written endorsement, L. A. Curtis became jointly and severally liable with the makers. The cross-petitioner then alleged similar allegations with reference to a promissory note in the sum of $1,000 dated March 17, 1921.

Cross-petitioner further alleged that at the same time and place and as part and parcel of the same contract and for the purpose of securing the indebtedness, Charles C. Devore and Bertie L. Devore made, executed and delivered to L. A. Curtis their mortgage covering fee-simple title to the N½ and W½ SE¼ and E½ SW¼ of Sec. 9, 2N, 27 E.C.M.; that C. L. Leiter is owner and holder of the notes and the mortgage and both promissory notes are past due and payable.

C. L. Leiter further alleged in his cross-petition that L. A. Curtis, Arletta Curtis, Charles C. Devore and Bertie L. Devore have or claim some right, title or interest in and to the N½ and W½ SE¼ and E½

SW¼ of Sec. 9, 2N 27 E.C.M., but that said interest or interests, if any, is junior and inferior to his. He prayed for personal judgment against Charles C. Devore and Bertie L. Devore and L. A. Curtis and for a judgment foreclosing his lien upon the property and forever barring and foreclosing them from any lien, estate, right, title or interest in the mortgaged property and that the property be sold according to law to satisfy said judgment.

Notice of the cross-petition of C. L. Leiter was not served on L. A. Curtis and L. A. Curtis did not file an answer to the cross-petition nor to the original petition.

On June 26, 1922, C. L. Leiter recovered a personal judgment against L. A. Curtis, Charles C. Devore and Bertie L. Devore on his cross-petition. The Court found C. L. Leiter had a lien on the property and the judgment further decreed that unless the judgment be satisfied within six months an order of sale issue and a sale be had to satisfy the judgment. The judgment further ordered and decreed from and after the sale, L. A. Curtis, Arletta Curtis, Charles C. Devore and Bertie L. Devore be forever barred and foreclosed from ever asserting any right, title, interest or equity in the property involved.

Notice of sale was given as required by law upon L. A. Curtis, and the sale proceedings were complied with and on March 17, 1923, a sheriff's deed was issued and delivered to C. L. Leiter, the purchaser at the sale. The defendants in the instant action deraign their title through C. L. Leiter.

On November 8, 1922, there was filed for record a warranty deed from L. A. Curtis, the record owner, to Charles C. Devore, dated March 5, 1921, reserving unto L. A. Curtis an undivided one-fourth interest in the minerals in and under the N½ and W½ SE¼ and E½ SW¼ of Sec. 9, 2N 27 E.C.M. which had been foreclosed by the judgment entered June 26, 1922.

The evidence shows that in 1921, L. A. Curtis "traded the mortgage" to C. L. Leiter for a general merchandise store in Protec-

tion, Kansas, and operated the store for approximately one year; that he endorsed and delivered the promissory notes to C. L. Leiter; that the property was leased for oil and gas purposes in 1947 and again in 1956 and the defendants, or the owners through whom defendants deraign their title, received all the bonuses and delay rentals and that plaintiff has never received or made claim to said bonuses or delay rentals; that plaintiff knew the property had been sold and that he had never told any of the owners of any of the parties that he claimed an interest in the minerals.

Before considering the specific propositions presented by plaintiff, it will be noted that when Pioneer Mortgage Company filed its petition, the mortgage which it sought to foreclose covered the NW¼ of Sec. 9, 2N, 27 E.C.M.; the deed wherein plaintiff reserved an undivided mineral interest included this NW¼; and the mortgage which C. L. Leiter sought to foreclose in his cross-petition also included this NW¼.

In Wood v. Speakman, 153 Okl. 180, 5 P.2d 121, 122, similar facts were presented and we held:

"A cross complaint brought against a mortgagor by one of the parties defendant to a suit to foreclose the mortgage may extend to all the property covered by the cross complainant's lien, and need not be confined to the property covered by the original mortgage."

Therefore, the fact that the cross-petitioner's mortgage foreclosure action was not confined to the NW¼ of Sec. 9, 2N, 27 E.C.M., but included other lands with the NW¼, is not material.

### Proposition I

Plaintiff First Contends That In A Mortgage Foreclosure Action, Where Cross-Petition Of Codefendant Was Filed After Time For Defaulting Defendants To Answer Had Expired, And The Defaulting Defendants Failed To Appear To Contest The Cross-Petition And Did Not Waive The Notice, Judgment Rendered Against Them Was Void.

Oklahoma has no statutory provision with reference to notice of filing a cross-petition although this Court has previously considered same. Plaintiff relies upon Wood v. Speakman, 153 Okl. 180, 5 P.2d 121, promulgated November 24, 1931, which held a judgment void which was rendered in 1923 in favor of a cross-petitioner against a codefendant, where the cross-petition had been filed after the time for pleading had expired and notice of filing the cross-petition was not served on the codefendant. In sustaining the contention that the 1923 judgment was void, we held:

"Where a defendant to an action has waived service of summons and has entered his general appearance in the cause, he is in court for every purpose connected with the action and must take notice of all pleadings, including a cross-petition against him so long as the time has not expired for him to plead. After the expiration of such time, if a co-defendant files a cross-petition against him, he must be served with notice thereof before a judgment taken thereon will be valid against him."

The Wood v. Speakman case was cited as authority in Central National Bank of Okmulgee v. Sharp, 168 Okl. 516, 34 P.2d 241, promulgated June 26, 1934, which held a judgment void which was rendered in 1927, where a cross-petition was filed by leave of court, two days after answer date, without notice to the codefendants against whom relief was sought.

In Blakeney v. Ashford, 183 Okl. 213, 81 P.2d 309, 310, we said:

"We are committed to the rule that a defendant, who has been regularly served with summons, is required to take notice of all pleadings, including cross petitions, filed against him prior to the expiration of the time for him to answer, but that he is not required to take notice of cross petitions filed against him by his co-defendants after the expiration of the time for him to answer. This rule was first stated in

Wood v. Speakman, 1931, 153 Okl. 180, 5 P.2d 121, where this court carefully considered the question, as shown by the fact that a specially concurring opinion and a dissenting opinion were filed in the cause. This case has been followed or cited with approval in the following cases: O'Reilly v. Schuermeyer, 1932, 156 Okl. 167, 9 P.2d 923; Glenn v. Prentice, 1932, 158 Okl. 73, 12 P.2d 170; Central National Bank of Okmulgee v. Sharp, 1934, 168 Okl. 516, 34 P.2d 241; Vinson v. Oklahoma City, 1937, 179 Okl. 590, 66 P.2d 933; Turner v. Dexter, 1935, 172 Okl. 252, 44 P.2d 984; Boepple v. Estill, 1937, 181 Okl. 159, 72 P.2d 798. In the last named case the rule was recognized, but the notice was held to have been waived by the fact that the defendant, against whom the judgment was rendered, appeared and contested the cross petition of his co-defendant."

▪ In Roberts, County Treas., et al., v. Paschall et al., 192 Okl. 673, 138 P.2d 834, we held:

"A cross-petition by a defendant in a civil action seeking additional affirmative relief against a co-defendant upon whom service of summons has been had at the request of the plaintiff but who is in default and whose time for answering has expired before the filing of the cross-petition can not be prosecuted to judgment without further notice to such defaulting defendant."

It is apparent that since the promulgation of the Wood v. Speakman case in 1931, this Court has consistently adhered to the rules of procedure with reference to notice when a cross-petition is filed seeking affirmative relief against a codefendant.

However, the judgment which plaintiff seeks to have declared void was rendered and became final in 1922, and the procedure in that action was in accordance with the procedure approved by this court and the same was in force and effect when the foreclosure action was commenced and judgment rendered. Plaintiff does not contend

otherwise as the procedure was in accordance with the rule pronounced in Littlefield v. Brown, 68 Okl. 144, 172 P. 643, 644, promulgated by this court in April, 1918, wherein a judgment was rendered in favor of the plaintiff and cross-petitioner and a codefendant subsequently sought to have the judgment set aside and vacated because it was rendered "without service of summons or notice of any kind given him of the filing of said cross-petitions by his codefendants." In the body of the opinion we said:

"* * * Our statute nowhere provides for service of summons on all parties interested upon the filing of an answer and cross-petition, and we are of opinion that, where a party to an action is personally served with summons, he is in court for every purpose connected with the action, and bound to take notice of all proceedings that follow. This is the rule announced by the Supreme Court of Kansas, from which our Code of Civil Procedure was adopted."

And we held:

"When the original summons is served, the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of the filing of a cross-petition by a codefendant."

The above rule was later approved and cited with approval in Rice et al. v. Bontjes et al., 121 Okl. 292, 250 P. 89, promulgated October 19, 1926. This Court adhered to such rule of procedure until the promulgation of Wood v. Speakman, supra, in November, 1931, which plaintiff relies upon.

▪ Such facts present this issue. "Where there is no statutory procedure and this Court approves a certain procedure and an action is filed and a valid and binding judgment is rendered pursuant to such procedure approved by this Court, is a subsequent opinion promulgated by this Court approving a different procedure retrospective in its operation?" That is, "When a litigant obtains a valid and binding judg-

ment, rendered pursuant to and in accordance with rules of procedure approved by this Court, is such judgment valid and binding only for so long as this Court does not change the procedure?"

Plaintiff in effect contends the above issue should be answered in the affirmative and cites Coats v. Riley, 154 Okl. 291, **7** P.2d 644, and states that "This decision says that an overruled decision dealing with procedure and remedy has a retroactive effect, and 21 C.J.S. [Courts §] 194, clearly shows that an overruled decision dealing with substantive law, the effect of the subsequent overruling decision is retroactive."

We do not construe Coats v. Riley, supra, as controlling in the present action as it did not consider or determine the validity of a valid and binding judgment secured under a procedure approved by this Court. The Coats v. Riley case involved a will and defendants had purchased land from certain heirs and they contended their title must be determined under the rule of law when the property was purchased and cited, Bagby et al. v. Martin, 118 Okl. 244, 247 P. 404, wherein we held:

"Contracts entered into in good faith, in relation to private property rights, in accordance with a statute, as construed by the Supreme Court of the state, will be given effect according to the judicial construction of the statute in effect at the time the contract was entered into. A later construction of the statute by the same court, applying a different construction, will not affect the contract made pursuant to the former decision."

The court said that at the time of the purchase of the property by the defendants, the cross-petitioners, who were heirs of the testatrix, had a right to question the effect of the will; that under a later decision (which overruled the decision that defendants contended was the rule of law when they purchased the property) the cross-petitioners were not given a right of contest that they did not have, but the right remained to be exercised in a different man-

ner; that the change in procedure was not such a change as was prohibited by the rule stated in Bagby v. Martin, supra, and that decision was not controlling.

In considering the case the court said:

"In Independent Cotton Oil Co. v. Beacham, 31 Okl. 384, 120 P. 969, this court held: 'No person has a vested right in any particular mode of procedure, and if, before the trial of the cause, a new law of procedure goes into effect, it governs, unless the statute itself provides otherwise.'" [154 Okl. 291, 7 P.2d 650.]

In the instant case, when the mortgages were executed, the mortgagor, the mortgagee (plaintiff) or his assignee (C. L. Leiter) did not have a vested right in the procedure to be followed in case of foreclosure. However, the particular mode of procedure approved by this Court was in force and effect when the foreclosure action was commenced and judgment rendered and was not changed until some eight years later. We can not sustain plaintiff's theory that no rights accrued to C. L. Leiter by virtue of the foreclosure action under such circumstances.

21 C.J.S. Courts § 194, page 327, referred to by plaintiff, states:

"* * * if the overruled decision is one dealing with procedural or adjective law the effect of the subsequent overruling decision is prospective only; but if the overruled decision is one dealing with substantive law the effect of the subsequent overruling decision is retroactive. * * *" (Emphasis ours.)

Even though the procedure approved in Wood v. Speakman and Central National Bank of Okmulgee v. Sharp, supra, was applied retrospectively in those two cases, we can find no justifiable reason why such procedure should have been so applied in those cases and we find no justifiable reason why that procedure should be applied retrospectively in the instant action, for the reasons hereinafter set forth. When the foreclosure action was filed in 1922, plain-

tiff knew that C. L. Leiter, who filed the cross-petition, was a defendant in that action. And, although the mortgage was not assigned by him to Leiter, the indorsement and delivery of the two promissory notes by him to C. L. Leiter carried with them the mortgage which secured the notes without any formal assignment thereof. See Engle v. Federal National Mortgage Ass'n, Okl., 300 P.2d 997. Plaintiff should have had reason to expect that C. L. Leiter would come into the action and assert rights under the mortgage. He knew that the land had been sold but did nothing which would indicate in any way to persons in possession or the owners thereof that he asserted an interest therein until some thirty-six years later when he commenced the present action.

We concur with the rule stated in Wood v. Speakman, supra, that "the better rule is" that a cross-petitioner be required to give proper notice to a codefendant when a cross-petition is filed after answer date, but such was not the required procedure when the foreclosure action was commenced and judgment rendered in 1922. See Littlefield v. Brown, supra.

To hold the rule of procedure as set forth in Wood v. Speakman, supra, which was promulgated in 1931, to be retrospective in its operation, would not only void the judgment of foreclosure rendered in the instant case in 1922, but would also disturb the validity of any and all judgments rendered between the promulgation of Littlefield v. Brown in 1918 to the promulgation of Wood v. Speakman in 1931, which followed the procedure set forth in Littlefield v. Brown. Reason dictates and the validity and finality of judgments require that when a litigant obtains a valid and binding judgment, rendered pursuant to and in accordance with rules of procedure approved by this Court, a subsequent opinion promulgated by this Court approving a different procedure should not vitiate or affect the validity of such previous valid and binding judgment.

■ We therefore hold that where there is no statutory procedure and this Court approves a certain procedure and an action is filed and a valid and binding judgment rendered pursuant to the procedure approved by this Court, a subsequent opinion promulgated by this Court approving a different procedure does not vitiate or affect the validity of the former valid and binding judgment.

### Proposition II

Plaintiff Contends That Where Judgment In Foreclosure Of Real Estate Mortgage Is Purported To Foreclose An Interest In Oil And Gas Rights Which Is Paramount To The Mortgage Without Any Reason Therefor Being Alleged Or Shown, The Holder Of Such Interest Is Entitled To Attack Such Foreclosure Sale And Unless It is Specifically Pleaded As To Cause Of Action Against Outstanding Minerals, Judgment Is Void.

To sustain this proposition, plaintiff relies upon Bradbury v. Green, 207 Okl. 586, 251 P.2d 807, where a judgment went beyond the issues tendered by the pleadings and foreclosed a mineral interest which was specifically excluded in the petition and prayer for foreclosure. In that case we held:

"When a judgment in foreclosure of real estate mortgage, whether by inadvertence or otherwise, purports to foreclose an interest in the oil and gas rights which is prior and paramount of record to the mortgage, without any reason therefor being alleged or shown, the holder of such interest is entitled to attack such foreclosure in an action to quiet his title against the mortgagee who purchased at the foreclosure sale."

Plaintiff also relies on Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119, where a judgment foreclosing a mortgage purported to foreclose a mineral interest which was prior and paramount of record to the mortgage. In that action there were no specific allegations made as to the outstanding title or interest and no direct reference made to such outstanding interest in any manner and we held:

"Where judgment in foreclosure of real estate mortgage purported to fore-

close an interest in the mineral rights, which was prior and paramount of record to mortgage, holder of such mineral interest was entitled to attack such foreclosure in an action to quiet title brought by the grantees of the foreclosure sale purchaser."

Plaintiff also cites State ex rel. Commissioners of Land Office v. Brinkman et al., 202 Okl. 225, 211 P.2d 801, 802, wherein we held:

"In an action to foreclose a real estate mortgage, if plaintiff desires to bring within the jurisdiction of the court and litigate an outstanding title or interest which on the face of the record is a valid paramount title, the plaintiff should allege the facts upon which he seeks to have his mortgage decreed to be a lien on such apparent paramount title."

Other cases cited by plaintiff are Hester v. Watts, 203 Okl. 97, 218 P.2d 641; State ex rel. Commissioners of Land Office v. Reynolds, 201 Okl. 400, 206 P.2d 184.

We will now determine if the above cases are applicable under the facts in the instant case, which are: Plaintiff was the record owner of the property when the mortgage, which was foreclosed in 1922, was executed and delivered to him as mortgagee. The mortgage covered the fee-simple title and contained no reservations whatsoever. The allegations in the cross-petition were general and contained no specific allegations relating to the mineral interest. The deed which reflected that plaintiff (mortgagee) had reserved a mineral interest in the property was filed for record four and one-half months after the judgment of foreclosure was entered and plaintiff at no time indicated or suggested that he had or claimed an interest in the minerals.

The cases relied upon by plaintiff relate to those instances where the mineral interests were prior and paramount of record to the mortgages. In the instant action, the mortgage covered the fee-simple title. The cross-petitioner could not allege specific allegations with reference to an outstanding mineral interest for the reason he had no notice of any outstanding interests.

As we previously held, L. A. Curtis was in court for every purpose connected with the foreclosure action and was bound to take notice of the filing of the cross-petition when the 1922 foreclosure proceedings were commenced and judgment rendered thereon. An assignment of a mortgage, by a mortgagee, without qualification or reservation, is ordinarily regarded as passing to the assignee all of the interest of the mortgagee in the property covered by the mortgage. If the mortgage did not cover the fee-simple title as the mortgage specifically provided, it was incumbent upon the mortgagee to assert his rights in the foreclosure action in which he was a party and which sought to foreclose his interest, if any he had.

We are not concerned in this appeal with whether or not the mortgagee (plaintiff) could have successfully defended his mineral interest in the foreclosure action in 1922, had he filed an answer and asserted his rights, but whether or not the pleadings were sufficient in the foreclosure action to invoke the jurisdiction of the court to adjudicate that cause and render the decision it rendered.

We hold that where a mortgagee assigns all his right, title and interest in a mortgage which covers the fee-simple title to land and the assignee has no notice of an outstanding interest of the mortgagee in the mortgaged property, general allegations are sufficient to bring within the jurisdiction of the Court the power and authority to litigate the interests of the mortgagee, if any there be. We therefore hold that the allegations in the cross-petition filed in the foreclosure action in 1922 were sufficient.

We find it unnecessary to consider or determine the further proposition of plaintiff that where there is a severance of the mineral estate from the surface estate, owner of minerals does not lose his right or his

possession by any length of nonuse or defendants' plea of limitations.

Judgment affirmed.

HALLEY, Justice.

I dissent to the majority opinion in this case for the reason that I think it is in conflict with decisions of this Court.

Parties will be referred to as in the trial court.

No one questions the fact that the plaintiff retained twenty-five per cent of the minerals in the NE¼ and W½ of SE¼ and the E½ of the SW¼ of 9–2–27, Beaver County and he has never conveyed that interest to anyone. All of the surface and the balance of the minerals in the above-described land he conveyed to the Devores who gave him a mortgage back on the entire tract. He assigned this mortgage to C. L. Leiter.

When the Pioneer Mortgage Company filed suit to foreclose the mortgage on the NW¼ of 9–2–27, no mention was made of the quarter mineral interest because it was in no way involved in that foreclosure. C. L. Leiter without any authority whatsoever after answer day in the Pioneer Mortgage case filed a cross-petition to foreclose the mortgage that had been assigned to him. This mortgage could only cover the land deeded to Devore, which did not include the quarter mineral interest. Leiter did not serve notice of any kind on Curtis, the plaintiff here, informing him that a cross-petition was being filed to foreclose his mineral interest and all of the surface.

The judgment against the plaintiff Curtis was void under our holding in Wood v. Speakman, 153 Okl. 180, 5 P.2d 121.

We have held many times that a void judgment may be attacked at any time. Pettis v. Johnston, 78 Okl. 277, 190 P. 681.

The defendants contend that they should recover because of our opinion in Littlefield v. Brown, 68 Okl. 144, 172 P. 643, which held that a defendant who was served with a summons in an action was in court for all purposes and that a codefendant could maintain a cross-petition against another codefendant without giving him any notice.

This case was specifically overruled by Wood v. Speakman, supra.

We said in Texas Co. v. Oklahoma Tax Commission, 207 Okl. 385, 249 P.2d 985, 988:

"It seems established as a general principle that a decision of a court of last resort overruling a former decision by that court is retrospective in its operation, the theory being that the former decision so overruled never was the law. 14 Am.Jur. p. 345, Sec. 130; 21 C.J.S., Courts, § 194, p. 326. * * *"

This is what 21 C.J.S. Courts § 194 says:

"The overruling of a decision generally is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision. The overruled decision as a precedent is thereby destroyed, but it remains the law of the particular case in which it was rendered."

14 Am.Jur., Courts, § 130, puts it this way:

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law. * * *"

I like the language of the Supreme Court of Wisconsin on this point as expressed in Laabs v. Wisconsin Tax Comm., 218 Wis. 414, 261 N.W. 404, 405, which is:

"The Blackstonian doctrine, which is generally held, is that the later decision is retrospective in operation for the reason that courts declare, but do not make, law. In consequence, when a decision is overruled, it does not merely become bad law; it never was the law, and the later pronouncement is regarded as the law from the beginning. * * *"

The courts have some difficulty in certain cases as to whether the rule shall always be retrospective in operation. The great bulk of cases are to the effect that the

overruled case is simply wiped out and was never the law. Decennial Digest's Courts, Key No. 100(1).

In the case at bar the effect of Woods v. Speakman, supra, is that one codefendant could not sue another codefendant on an entirely separate claim (here the foreclosure of a mortgage on different piece of land) without serving notice on the interested codefendant. The majority recognizes that the holding in Littlefield v. Brown, supra, is wrong and that this Court was correct in overruling it.

It must not be overlooked that the situation of an overruled decision and that of a repealed statute is not the same. The statute was the law until repealed but the overruled decision was never the law.

In considering this question before us it becomes not so much a matter of whether an opinion overruling a decision shall be given retrospective effect but really that the law never was what the overruled case said it was.

When Ralph E. Barby bought the land in question on the 29th of April, 1941, he should have been aware of plaintiff's right to this quarter interest in the minerals. The deed to Devore from Curtis had been of record for years. Barby's grantor had received only a quitclaim deed to the land from his grantor F. P. Thorne who was not a stranger to this title.

The two Missouri cases which gave rise to the quotation from 21 C.J.S. Courts § 194 in the majority opinion have no effect in this case. There the Missouri Court held that its holding should be prospective and not retrospective which can be and is done. Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371; Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S.W.2d 519.

According to the overwhelming weight of authority, logic and sound reasoning it is my opinion that when Littlefield v. Brown, supra, was overruled, it was never the law in this State. I say that one codefendant cannot take a judgment against another codefendant on a separate unrelated claim

not set up in the original action without service of summons or some like notice.

As to the second proposition in the majority opinion, I think it is fundamental that only that property under the mortgage that mortgagor owned can be foreclosed. The purchaser at sheriff's sale can only get the property that the mortgagor actually owned and any interest owned by a person not properly made a party to the foreclosure will not be affected.

I dissent.