## CASSIDY, Adm'x, v. GOULD et al.

No. 10477—Opinion Filed June 13, 1922.

(Syllabus.)

1. **Trusts — Constructive Trusts — Elements.**

Constructive trusts are raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such a relation, and often directly contrary to the intention of the one holding the legal title. All instances of constructive trust may be referred to what equity denominates fraud, either actual or constructive, including acts or omissions in violation of fiduciary obligations.

2. **Joint Adventures — Acquiring Title by One in Fraud of Associates — Constructive Trust.**

Where one party to a joint adventure obtains the title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by imposing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner thereof, or of an interest therein.

3. **Same.**

Where property is acquired as a joint venture it is not material in whose name the title is taken, as the one holding the title will be regarded as trustee for his associates; and property paid for out of the receipts of the joint adventure becomes the joint property of all the parties.

4. **Same—Fiduciary Relation of Parties.**

The relation between the parties to a joint adventure is fiduciary in its character, and requires the utmost good faith in all the dealings of the parties with each other.

5. **Same—Action to Establish Interest — Nature—Statutes of Limitation.**

An action by one claiming to be a member of a joint adventure to establish his interest in the property acquired by the adventure, is not an action for relief on the ground of fraud, but is founded on the

agreement out of which the trust arose, and is governed by the sixth subdivision of section 4657, Rev. Laws 1910, and not by the third subdivision of said section, which is applicable to actions for relief on the ground of fraud.

### 6. Equity—Laches—Essentials.

The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches in legal significance is not mere delay, but delay that works a disadvantage to another.

Error from District Court, Logan County; John P. Hickam, Judge.

Action by Charles N. Gould against M. Cassidy and others. Judgment for plaintiff, and defendant M. Cassidy brings error. Affirmed.

S. W. Hayes and Dale & Bierer, for plaintiff in error.

Edward Howell and Fred W. Green, for defendants in error.

NICHOLSON, J. This action arose out of the same transaction involved in the case of Cassidy v. Horner et al., No. 10476, 86 Okla. 220, 208 Pac. 775, the decision in which is handed down this day. The trial court made lengthy findings of fact, which we will not set out in full, but in which it was found as follows:

"The court further finds that it was the understanding of Gould, Hornor, and Cassidy that they were to have an equal interest in the venture and they were to unite their labor, skill, and knowledge in the enterprise for their mutual benefit and account. That Gould, Hornor, and Cassidy each contributed of his services, and that such services were valuable and that said services were contributed voluntarily by the respective parties, and that the parties further contributed their own personal expenses in connection with the enterprise. That the information, services, and expenses contributed by the plaintiff Gould was valuable and was worth more than the par value of five hundred dollars of the stock of the Alice-Kathryn Oil Company, at the time of its organization and incorporation.

"The court further finds from the evidence and from the record as a whole, that there was a valid and legal arrangement or contract by said parties for a mutual consideration, and that the same was definite and certain in the following particulars:

"a. That the parties, Gould, Hornor, and Cassidy, united their respective information, skill, labor, and expense money, in a lawful enterprise, to wit, acquiring of leases on prospective oil property.

"b. That through the joint contributions of skill, labor, and money, certain rights were obtained in the form of oil leases and a contract which was in the name of defendant M. Cassidy.

"c. That the benefit, profit, and gain resulting from the rights so acquired and the assignment thereof was two thousand dollars par value of the stock of the Alice-Kathryn Oil Company.

"d. That there was no provision as to the shares of the parties in the said profit or benefit other than an equal share or interest to each, and that said contract was for the mutual benefit or account of each.

"The court further finds that the said parties secured the property contemplated by the arrangement, and then the same was transferred to the said Alice-Kathryn Oil Company in accordance with the understanding and arrangement which had been made. The court further finds that defendant Cassidy secured fifteen hundred dollars' worth of said stock and has failed and refused to transfer or assign any part thereof to the said Gould or said Hornor.

"The court further finds that the plaintiff, Gould, is the owner of five hundred dollars' worth of the par value of the stock of the Alice-Kathryn Oil Company, being part of the so-called promotion stock issued in the name of defendant Cassidy; and the court further finds that the plaintiff is the owner of any dividends declared on said stock, and that the same belongs to said Gould."

Judgment was for the plaintiff below against the defendant below, M. Cassidy, for five shares of the stock of the Alice-Kathryn Oil Company, together with all dividends paid to M. Cassidy thereon, amounting in the aggregate to the sum of $3,500. From this judgment the defendant M. Cassidy appealed. After the appeal was lodged in this court M. Cassidy died, and the case has been revived in the name of Alice M. Cassidy, administratrix of his estate.

The plaintiff in error first contends that the contract upon which Gould relied for a recovery is not supported by the proof, and is indefinite and uncertain, and that no contract between Gould and Cassidy has been shown.

The evidence discloses that in the month of February, 1914, M. Cassidy employed the defendant in error, who is a geologist, to make an examination of certain lands in Kansas. At the time this transaction was being concluded they had a conversation in which Cassidy told Gould he wanted to get into the oil game, and asked if he knew

of anything that looked good, to which Gould replied that he did not have anything in mind at that time, and Cassidy told him to look out for something, and if he found anything good they would be in together on the deal. Shortly after this conversation Gould learned of certain lands near Yale, which had been examined by Prof. O'Hearn, State Geologist, and advised Cassidy thereof. Gould, Cassidy, and Hornor met at Fallis, and when Cassidy introduced Gould and Hornor he said: "This is Mr. Hornor; he is to be in on this deal with us and wants to look over the leases." Gould inspected the lands for the purpose of verifying the report of O'Hearn, and made a favorable verbal report thereon at that time, and later furnished Cassidy with a written report. As a result of this report, certain leases were obtained which were later exchanged for the stock of the Alice-Kathryn Oil Company here involved.

C. G. Hornor testified that Cassidy told him that Gould was to be in on the deal, and later Hornor, who was an attorney and who had been instructed by Cassidy to work out a plan by which to develop the leases, suggested the organization of a corporation with a capital stock of $20,000, $1,500 of such stock to be retained as promotion stock, this to be divided equally between Cassidy, Hornor, and Gould. This was agreed to by Cassidy. Later Cassidy told Mr. Cottingham that he had to take care of Hornor, O'Hearn, and Gould.

It is evident that it was the understanding of Gould, Hornor, and Cassidy that they were equally interested in the venture, and while there is some conflict in the evidence, we conclude that the findings of the court are not clearly against the weight of the evidence, and its findings that they were jointly interested in the enterprise will not be disturbed.

Having concluded that the relation of joint adventurers existed between Cassidy and Gould, it follows that what was said in the case of Cassidy v. Hornor et al., No. 10776, supra, is applicable here. In that case it was held:

"(1) Constructive trusts are raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such a relation, and often directly contrary to the intention of the one holding the legal title. All instances of constructive trust may be referred to what equity denominates fraud, either actual or constructive, including acts or omissions in violation of fiduciary obligations.

"(2) Where one party to a joint adventure obtains the title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property, which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by imposing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner thereof, or of an interest therein.

"(3) Where property is acquired as a joint venture it is not material in whose name the title is taken, as the one holding the title will be regarded as trustee for his associates; and property paid for out of the receipts of a joint adventure becomes the joint property of all the parties.

"(4) The relation between the parties to a joint adventure is fiduciary in its character, and requires the utmost good faith in all the dealings of the parties with each other."

It is next urged that plaintiff's cause of action is barred by the third subdivision of section 4657, Rev. Laws 1910, which provides that an action for injury to the rights of another, not arising on contract, and an action for relief on the grounds of fraud must be brought within two years from the time the action accrued, and as plaintiff's cause of action accrued on April 29, 1914, and this action was not commenced until August 12, 1916, he cannot recover.

As we view this case, it is not an action for injury to the rights of another, not arising upon contract, neither is it an action for relief on the grounds of fraud. While it might be said that fraud crept into the transaction, in that Cassidy fraudulently violated the fiduciary relation existing between him and Gould, created by the contract between them, yet the foundation of the action is the contract. Had such contract not existed, no cause of action whatever would have arisen. In order that an action may be one for relief on the ground of fraud within the provision of this clause of the statute, the action must have had its inception in fraud and such fraud must be the basis of the right to relief. This action is not based on fraud, but is founded on the agreement which created the trust relation, and is governed by the sixth subdivision of section 4657, Rev. Laws 1910, which reads:

"An action for relief not hereinbefore provided for can only be brought within five years after the cause of action shall have

accrued." Martin v. Martin (Ind.) 20 N. E. 763; Hunter v. Hunter, 50 Mo. 445; Allsopp v. Joshua Hendy Mach. Works (Cal.) 90 Pac. 39; Rhinelander v. Farmers' Loan & Trust Co. (N. Y.) 65 N. E. 499; Miller v. Walser et al. (Nev.) 181 Pac. 437; Farris v. Wirt et al. (Colo.) 63 Pac. 946; 25 Cyc. 1061.

It is next insisted that laches of the plaintiff below bars a recovery in this action, and plaintiff in error relies upon the maxim, "Equity aids the vigilant, not those who slumber on their rights," and argues that because Gould did not commence this suit for two years and four months after his cause of action accrued, he is precluded from a recovery.

There is another maxim (which is peculiarly applicable to this case, viz.: "Equity imputes an intention to fulfill an obligation." Gould testified that he assumed Cassidy was honest, and when the time came would give him his part of the stock. Laches is not like limitations, a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced because of some change in the condition or relation of the parties or the property. Hence, laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as the parties are in the same condition, it is of little consequence whether one presses a right promptly or slowly within the limits allowed by law. 10 R. C. L. 396. In Indian Land & Trust Company v. Owen, 63 Okla. 127, 162 Pac. 818, it was said:

"The question whether a claim will be held to be stale in equity must be determined by the facts and circumstances in each case and according to right and justice. What constitutes a stale claim is not determined by lapse of time alone; resulting damage to the other party must also be shown."

It is not shown that any change in the condition of the parties or the property had taken place, except that the stock involved had become more valuable. Neither does it appear that the delay in bringing this suit worked a disadvantage to Cassidy, or that damage to him resulted from such delay. The action was brought within the time allowed by law, and we are unable to see how Cassidy was prejudiced by Gould's failure to sue more promptly.

We conclude that the action was not barred by laches; therefore, the judgment of the trial court is affirmed.

JOHNSON, McNEILL, MILLER, ELTING, and KENNAMER, JJ., concur.