### BLACKWELDER, Adm'r, et al. v. SPILLMAN.

No. 22819.　June 19, 1934.

Rehearing Denied Sept. 11, 1934.

Twyford & Smith, G. Lee Gibbs, and William J. Crowe, for plaintiffs in error.

Clarence Mills, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county by the plaintiffs in the action, against whom a judgment was rendered by that court. The defendant in error was the defendant in the trial court.

The action was to quiet title to lots 23, 24, 43, 44, 47, and 48, in block 8, of Pasadena Heights addition in Oklahoma City. The defendant answered, alleging that she was the legal and equitable owner of the property, and that since on or about the 25th day of September, 1914, she had been in the actual, open, notorious, peaceable, uninterrupted, visible, continuous and exclusive possession thereof under claim of right and color of title.

The record title to the lots in question is in the plaintiffs. The defendant has no right, title, or interest therein unless it is by reason of her occupancy thereof. Though we should find from the record that the defendant had been in possession of the property for fifteen years, the judgment of the trial court is erroneous. This record does not show that she was in possession thereof for 15 years either under a claim of right or under color of title. She had no color of title. The lots in question were not included within the provisions of any deed of conveyance to her. The deed under which she claims did not purport to convey those lots. The record clearly shows that she did not hold the property for 15 years under a claim of right. On the contrary, it shows that she purchased tax sale certificates; that she caused the taxes which she paid to be indorsed on those tax sale certificates; that she accepted the redemption money when the property was redeemed from tax sale; that on some of the lots she obtained a tax deed which was void upon its face and which was held to be void on its face by the trial

court, from which finding she did not appeal, that she attempted to serve the owners of the property with notice of intention to acquire tax deeds; that when she leased all of the other lots in the block for oil and gas she did not include the lots in question, and many other facts which negative her present contention. From the record it appears that during at least a portion of the 15 years she held possession of the property in subordination to the title of the plaintiffs.

The judgment of the trial court is against the clear weight of the evidence. It is reversed and the cause is remanded, with directions to vacate the judgment, and for further proceedings not inconsistent with this opinion.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.