HESTER v. WATTS.

No. 33721.    May 16, 1950.

*218 P. 2d 641.*

Cook & Bingaman, of Purcell, for plaintiff in error.

Roy Glasco, of Purcell, and T. M. Lillard, O. B. Eidson, Philip H. Lewis, and James W. Porter, all of Topeka, Kan., for defendant in error.

GIBSON, J.   This action was brought by plaintiff in error's intestate, C. C. Hester, against defendant in error, Walter Watts, and another, to quiet title to a one-half interest in the oil and gas rights in a 40-acre tract of land in McClain county, Oklahoma.   Upon death of the plaintiff the action was revived in the name of Cora Hester, his administratrix, the plaintiff in error, who prosecutes this appeal from the judgment rendered therein for the defendant.

The plaintiff and defendant deraign title from a common source. On March 2, 1928, the owners of the entire estate in the land executed a conveyance of a one-half interest in the oil and gas rights of which the plaintiff became the owner.   On September 27, 1928, said owners executed their mortgage upon said land to secure the payment of a loan of which the defendant Watts became holder.

The deed conveying the mineral interest was of record at the time of the execution of the mortgage and the fact that the mortgage lien did not operate upon such interest is not questioned.

Default having been made in the payment of the indebtedness secured by said mortgage, said Watts, holder thereof, instituted action to foreclose the mortgage in the district court of McClain county, and the plaintiff herein was made party defendant and personally served with process. Plaintiff, as such defendant, neither pleaded nor appeared therein and judgment by default was rendered foreclosing said plaintiff from any right in the land and directing sale thereof.   At the foreclosure sale Watts became the purchaser.   The sale was confirmed and thereafter on March 27, 1937, the land was conveyed to Watts, the defendant herein.

The present action was instituted by plaintiff to quiet his title to said mineral interest and remove the cloud thereon by said judgment and conveyance.   And it is urged that plaintiff is entitled to such relief upon two grounds.

The first ground is that the adjudication that plaintiff's interest in the oil and gas rights was inferior to the lien of the mortgage was without the issues in the cause tried and therefore void for want of jurisdiction in the court to determine. And the other, that plaintiff neglected to appear and plead in the action upon what he considered to be an express assurance given by counsel for plaintiff therein that his prior right in the mineral estate would be recognized and not disturbed by the decree of foreclosure, which ground involves an issue of fact. For determination of the appeal, only the first ground needs to be considered.

In response to the first ground, it is urged by the defendant in error that the court had jurisdiction to adjudicate the question involved and that such judgment became final and, further, that divers statutes of limitations are each a bar to the recovery.

The opposing contentions are presented in reliance upon decisions of this court prior to that in State ex rel. Com'rs of Land Office v. Reynolds et al., 201 Okla. 400, 206 P. 2d 184, decided April 5, 1949, since this action was briefed. And since the rule pertinent here was stated therein after a consideration of the cases relied on herein there is no occasion to again review the cases cited.

The relative situation as to priority between the mineral interest and mortgage interests here involved is not different from that which obtained in the Reynolds case. The allegations of the petition herein are, in substance, the same as in that case, wherein we said:

"In the present case there are no allegations of exceptional facts, no specific allegations made as to this outstanding and superior title or interest, and in fact no direct reference made to such outstanding interest in any manner. There was only broad general language as we have heretofore noted. Thus, in this case the plaintiff tendered no issue of fact or law as to such outstanding interest, and stated no facts or contentions upon which the court could adjudge the inferiority of the outstanding claim and interest, which upon the record was a paramount title.

"It has been often held that adjudications made outside the issues of the case are void for lack of jurisdiction to render the particular judgment.

"Upon this point we think the true rule must be that in such a case, the plaintiff, by proper allegation, may bring outstanding interests in land within the jurisdiction of the court in a foreclosure action, but that in order to do so the plaintiff must specifically plead his contention that for stated reasons, and based upon specific allegations, such interest is and should be decreed to be subject to the mortgage."

That by reason of the equitable character of the action the statutes of limitation relied on have no application is clear on authority of the Reynolds case and the cases therein cited, and that an action to quiet title may be main-tained by the owner of an interest in the oil and gas rights in the land is also clear. Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377.

The judgment is reversed and the case remanded for further proceedings not inconsistent with the views herein expressed.