NOBLE et al. v. KAHN et al.

No. 34690.   Feb. 5, 1952.

*240 P. 2d 757.*

Goins & Smith and James E. Thompson, Ardmore, for plaintiffs in error.

William G. Davisson, Ardmore, for defendants in error.

JOHNSON, J. The parties here occupy the same relative position as in the trial court and hereafter they will be referred to as plaintiffs and defendants.

The essential facts are briefly as follows:

On April 26, 1926, Martha J. Henson was the owner of certain described lands located in Carter county, Oklahoma; that on said date she executed and delivered to the defendant, Leon Kahn, a mineral deed to an undivided one-half interest in the oil and gas and other minerals in and under said land. The deed was recorded on the 27th day of April 1926. On March 3, 1927, Leon Kahn gave a mineral deed (which was not recorded until March 26, 1944) to Leon Daube and David Daube, con-veying to each an undivided one-eighth interest therein. Thereafter David Daube died and his interest passed by inheritance to Carol Daube Sutton and Leon Daube.

On November 26, 1927, after the recordation of the Kahn mineral deed, Martha J. Henson conveyed said land to George W. Henson, which deed was recorded on February 2, 1928. Thereafter George W. Henson and Della Henson, his wife, gave a mortgage on said land to the Interstate Mortgage Trust Company and the company recorded same on the 14th day of December, 1927. This mortgage and the indebtedness secured thereby were subsequently assigned to Martha J. Pease and Gertrude Camp. Thereafter the assignees foreclosed the mortgage in cause No. 19291 in the district court of Carter county, Oklahoma. Leon Kahn was served by personal service and filed a motion to quash, which was overruled and time given to plead further, but he failed to do so and was in default when judgment was entered on November 25, 1932, foreclosing the mortgage and decreeing that Leon Kahn and other defendants were barred from claiming any right, title or interest in said property. Pursuant to judgment execution and order of sale, said lands were advertised and sold at sheriff's sale on July 3, 1933, to plaintiff, Gertrude Camp. On the 28th day of November, 1933, the sheriff's sale was confirmed.

On the 26th day of December, 1933, Gertrude Camp and Irving L. Camp, her husband, conveyed said land by warranty deed to Lloyd Noble, together with other lands not involved herein.

On the 2nd day of January, 1934, a sheriff's deed was executed and delivered to Gertrude Camp.

On July 25, 1939, Lloyd Noble conveyed this land to Hattie E. Noble; and thereafter she, on February 11, 1941, conveyed the surface and an undivided one-half interest in the minerals to Mary Noble Tolbert; thereafter, on February 11, 1944, Hattie E. Noble con-

veyed unto Lloyd Noble an undivided one-half interest in the minerals.

The pertinent part of the petition in the foreclosure action, No. 19291, supra, alleged:

"Plaintiff further alleges that the defendants . . . Leon Kahn . . . are claiming some right, title or interest in and to said described premises, the exact nature of which is unknown to these plaintiffs, but plaintiffs allege that such right, title, and interest as said defendants may have, if any, is subject, junior, and inferior, in part at least, to the mortgage lien of these plaintiffs; and that this court should, therefore, require said defendants, . . . Leon Kahn . . . to appear and set up whatever right, title and interest, if any, is asserted by them in and to said property."

Plaintiffs' action was based upon the above facts. They sought to quiet their title to said mineral interests and remove the cloud thereon by said judgment and conveyances. The trial court decided the issues against plaintiffs and they appeal.

Plaintiffs contend that defendants' mineral interests were divested by the foreclosure proceedings in case No. 19291, supra; that defendants' rights, if any, are barred by the fifteen year statute of limitations; and that plaintiffs and their privies in title are bona fide purchasers for value relying upon a good and valid judgment of the district court.

Plaintiffs' first contention is without merit.

The record discloses that the mineral interests of defendants were prior and paramount of record to the mortgage involved in the foreclosure action, and, in Hester v. Watts, 203 Okla. 97, 218 P. 2d 641, we held, inter alia, that where a judgment in foreclosure of a real estate mortgage purported to foreclose an interest in the oil and gas rights, which was prior and paramount of record to mortgage, holder of oil and gas interest was entitled to attack such foreclosure in an action to quiet title.

The allegations in the petition to foreclose the mortgage in cause No. 19291, supra, were inadequate to sustain a judgment purporting to divest the defendants of their mineral interests. The rule approved in the Hester v. Watts case, supra, is applicable herein because the petition in the foreclosure action there and the petition in the foreclosure action involved herein were lacking in the same essentials. There, in the opinion, we quoted with approval from State ex rel. Commissioners of the Land Office v. Reynolds, 201 Okla. 400, 206 P. 2d 184, wherein it was said:

"In the present case there are no allegations of exceptional facts, no specific allegations made as to this outstanding and superior title or interest, and in fact no direct reference made to such outstanding interest in any manner. There was only broad general language as we have heretofore noted. Thus in this case the plaintiff tendered no issue of fact or law as to such outstanding interest, and stated no facts or contentions upon which the court could adjudge the inferiority of the outstanding claim and interest, which upon the record was a paramount title.

"It has been often held that adjudications made outside the issues of the case are void for lack of jurisdiction to render the particular judgment.

"Upon this point we think the true rule must be that in such a case, the plaintiff, by proper allegation, may bring outstanding interests in land within the jurisdiction of the court in a foreclosure action, but that in order to do so the plaintiff must specifically plead his contention that for stated reasons, and based upon specific allegations, such interest is and should be decreed to be subject to the mortgage."

The plaintiffs' contention that the defendants are barred by the statute of limitations is also without merit. The defendants' mineral rights had been severed from the title to the surface and possession of the surface by its owner is not adverse to owner of the minerals. It was not alleged or claimed by plaintiffs that they had taken actual possession of the minerals by drilling

wells or opening mines for the statutory period. Where there is a severance of the mineral estate from the surface estate, the owner of the minerals does not lose his right or his possession by any length of non-user, nor can the owner of the surface acquire title by prescription to the minerals by his continued occupancy of the surface alone. See Deruy v. Noah, 199 Okla. 230, 185 P. 2d 189, and cases cited therein.

Plaintiffs' third contention is untenable. From what we have already said it is obvious that the purchaser at the sheriff's sale obtained no title to the minerals, and having no title, none was conveyed by such purchaser to the grantees.

The doctrine of bona fide purchaser without notice does not apply where there is a total absence of title in the vendor. The good faith of a purchaser cannot create a title where none exists. 66 C.J., Vendor and Purchaser, §§910 and 911. And the purchaser from one in whom title has been vested by a judicial decree is chargeable with notice of defects apparent on the face of the record in the proceedings in which the decree was entered. 55 Am. Jur., Vendor and Purchaser, §§708 and 710. Luschen v. Stanton, 192 Okla. 454, 137 P. 2d 567, and cases cited therein.

Applying the rules herein announced, the judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, O'NEAL, and BINGAMAN, JJ., concur.