M. S. DOUGLASS, W. R. Withington, G. E. Rogers, Hazel H. Buckthal, Alice Douglass Coleman, Walter Paul Buckthal, Hubert Douglass, Telee Douglass and Paul T. Douglass, Plaintiffs in Error,

v.

Joe MOUNCE, Administrator of the Estate of R. J. Mounce, Deceased, and Jack Carman, Defendants in Error.

No. 36857.

Supreme Court of Oklahoma.

Nov. 7, 1956.

Dwight Tolle, Okemah, for plaintiffs in error.

L. K. Pounders, Bristow, for defendants in error.

PER CURIAM.

This action was brought by the defendant in error, plaintiff below, R. J. Mounce. After trial and while this appeal was pending, the plaintiff died and the action has been revived in the name of the administrator of his estate. In his petition, the plaintiff joined as defendants every one appearing in the chain of title and, after stating his ownership of the surface and an undivided 3/8ths of the minerals under the property, asked the court to quiet his title and determine the ownership of the remainder of the outstanding mineral interest.

Briefly, the facts are as follows: While this 60 acres was owned by the allottee, an undivided one-half interest in the minerals was conveyed by her to G. E. Rogers. The deed was recorded. This interest has been transferred to several of the defendants to

this action, but for the purposes of this opinion this one-half undivided interest will be referred to as the Rogers' interest. Thereafter, the allottee conveyed the surface and remaining mineral interest to Scott Lockhart. While Lockhart was in possession, Creek County attempted to sell the property for taxes, and a resale deed was issued to the County. In these proceedings the property was advertised for an amount in excess of the taxes delinquent on the date of the first advertisement. On August 11, 1941, a commissioners' deed to the property was executed in favor of Jack Carman. On August 25, 1941, for the sum of "One Dollar and the payment of all back taxes or the settlement of back taxes", Lockhart quitclaimed his interest to Carman, reserving, however, an undivided one-fourth interest in the minerals. During the interim between the execution of these two deeds, Carman visited the property and talked with Lockhart's tenant concerning the rent due, as well as renting it to him for the succeeding year. The tenant agreed to pay him the rent for 1941, but he never did. Nothing further was done by Carman to acquire possession. Carman filed both of his deeds for record on September 3, 1941. In December, 1941, Carman quitclaimed all his "right, title, and interest" to plaintiff's predecessor in title but reserved an undivided one-half of three-fourths of the minerals, stating that it was his intention to convey 22½ acres of royalty. This grantee eventually conveyed all her interest to the plaintiff by warranty deed but excepted from the grant all minerals not owned by her "of record". Possession of the surface of the property has been in Carman and these subsequent grantees. There has been no possession of the mineral estate separate from the possession of the surface.

The trial court rendered judgment quieting title in plaintiff to the surface and 3/8ths of the minerals; in Carman to 3/8ths of the minerals; and in the heirs of Lockhart to 1/4th of the minerals. The subsequent grantees of the Rogers' interest appeal.

At the outset it should be noted that the facts concerning the attempted tax sale follow the now all-too-familiar pattern proscribed by numerous opinions of this court. The resale deed to Creek County was void, thus the county deed to Carman conveyed no title. Williamson v. Hart, 199 Okl. 328, 186 P.2d 71; Frates v. Whitson, 195 Okl. 129, 155 P.2d 536. Consequently, Carman was not entitled to possession of the property. Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 173 A.L.R. 1171. To establish title by use of this deed, Carman and the plaintiffs must depend upon its recordation and adverse possession of the property by them for the prescribed period.

The facts show that the tax deed was recorded, but do they also show an adverse possession? The attempt by Carman to take possession of the property through the tenant was not effective for this purpose. The purported attornment of Lockhart's tenant to Carman was void because a tenant cannot attorn to a stranger without the consent of his landlord. 41 O.S.1951 § 13; Clark v. Keith, 86 Okl. 156, 207 P. 87. Therefore, Carman had neither title nor adverse possession prior to his acquisition of the surface and undivided one-fourth of the minerals from Lockhart.

Upon the delivery of the Lockhart deed, however, Carman came into the constructive possession of the property through Lockhart's tenant. Since he was entitled to the possession of the property by virtue of this deed, he is presumed to have taken possession in accordance with his rights under that conveyance. Blackwelder v. Spillman, 168 Okl. 602, 35 P.2d 459; Nichols v. Reynolds, 1 R.I. 30, 36 Am. Dec. 238; 2 C.J.S., Adverse Possession, § 216, p. 820. An unlawful entry, adverse to himself, will not be presumed. Morris v. Futischa, 194 Okl. 224, 148 P.2d 986; Wilcox v. Wickizer, Okl., 266 P.2d 638; Winstead v. Woolard, 223 N.C. 814, 28 S.E.2d 507. On the contrary, every presumption is in favor of possession in subordination to the title of the true owner. By opera-

tion of law, therefore, Carman became a co-tenant with the Rogers' mineral interest owners, of whose interest he was apprised by their recorded deed. This situation is to be distinguished from that in which adverse possession is established before the acquisition of a deed from the record owner. Here, the original entry was not wrongful and no action accrued to the defendants at that time. Being a co-tenant, Carman's possession of the property was constructively the possession of the other co-tenants. Keeler v. McNeir, 184 Okl. 244, 86 P.2d 1004. Thus, to establish the necessary adverse character of his possession, some disseizin and ouster of the other co-tenants by Carman was necessary because the mere possession of a co-tenant, no matter how full and complete, is not adverse.

■ Prescriptive title by adverse possession is not established by inference. The burden of proving an ouster is on the person asserting the adverse possession. Coats v. Riley, 154 Okl. 291, 7 P.2d 644. Here, in view of the presumption heretofore noted and the language used in the Lockhart deed, an ouster cannot be predicated on the mere acceptance and recording of the county deed. The only other evidence tending to show an ouster is the deed from Carman to the plaintiff's grantor.

■ It is a rule of almost universal acceptance that the severance of a mineral interest from the ownership of the surface estate creates a separate estate in those minerals. 1 (A) Summers, Oil & Gas, Sec. 138. The possession of the surface thereafter is not adverse to this separate mineral estate even when the surface owner also owns a portion of the minerals. This court has subscribed to that view. Deruy v. Noah, 199 Okl. 230, 185 P.2d 189; Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119. Furthermore, in order to sustain our limitation statute, 12 O.S.1951

§ 93(3), from serious attack on constitutional grounds, we have concluded that actual possession of the property for the prescriptive period is necessary to create a new title. Williams v. Bailey, Okl., 268 P.2d 868. It follows, a priori, that after a severance there must be an actual possession of the severed minerals in order to acquire a title to them by adverse possession. This has been the conclusion of almost all jurisdictions including Oklahoma. 35 A.L.R.2d 124, Sec. 21. There was no evidence in this case of any possession of the minerals apart from the possession of the surface. The conclusion is inescapable that no title to the Rogers' interest by adverse possession has been established even though Carman's deed purported to deal with the entire mineral estate. J. R. Crowe Coal & Mining Co. v. Atkinson, 85 Kan. 357, 116 P. 499; Calvat v. Juhan, 119 Colo. 561, 206 P.2d 600. In Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, the initial possession was adverse, and in Flagg Oil Corp. of Del. v. Phelps, Okl., 298 P.2d 456, the tax deed was valid. These facts sufficiently distinguish those cases.

The judgment is reversed with directions to proceed in a manner conforming to the views expressed in this opinion.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE and approved by Commissioners CRAWFORD and REED, the cause was assigned to a Justice of this Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., concur in result.