Grace LUMM and Marvin E. Lumm, the sole and only heirs, devisees and legatees of I. G. Lumm, Deceased, Plaintiffs in Error,

v.

Marjorie Bell COLLIARD and Ruth Bell Neff, Executrices of the Estate of Olive F. Bell, Deceased, and Floyd G. Hubbell, Defendants in Error.

No. 37197.

Supreme Court of Oklahoma.

Oct. 1, 1957.

Rehearing Denied Nov. 6, 1957.

Richard James, Stroud, Joe Young, Chandler, for plaintiffs in error.

Pearson & Moon, Oklahoma City, for defendants in error Marjorie Bell Colliard and Ruth Bell Neff, Executrices of the estate of Olive F. Bell, Deceased.

P. D. Erwin, Chandler, for defendant in error Floyd G. Hubbell.

WELCH, Chief Justice.

The action was filed by Olive F. Bell, plaintiff, against Grace Lumm and Marvin E. Lumm, the sole and only heirs, devisees and legatees of I. G. Lumm, deceased, and Floyd G. Hubbell, defendants, for the reformation of two mineral deeds and one mineral assignment.

The plaintiff, Olive F. Bell, died subsequent to the filing of said action, and the cause was revived in the name of Marjorie Bell Colliard and Ruth Bell Neff, executrices of the estate of Olive F. Bell, deceased.

One mineral deed was executed by I. G. Lumm and Grace Lumm in favor of Floyd G. Hubbell dated September 2, 1926, conveying an undivided ⅟₁₆th interest in the mineral in and under S½ of NW¼ of Sec. 34, Twp. 14 N. Range 6 E. The second mineral deed was executed by Floyd G. Hubbell, a single man, in favor of R. R. Bell, dated Sept. 4, 1926, conveying an undivided ⅟₃₂nd interest in the minerals in and under S½ of NW¼ of Sec. 34, Twp. 14 N. Range 6 East; then an assignment by R. R. Bell of his interest in favor of Olive F. Bell, Nov. 25, 1940.

The plaintiffs based their cause of action on grounds of mistake in the description of the mineral conveyance, asserting that the real estate should have been described as S½ of NE¼ instead of S½ of NW¼ in each of the three conveyances above referred to.

The defendants plead statute of limitation and filed general denial the heirs of I. G. Lumm, deceased, also filed cross-petition against the plaintiffs.

Judgment was for plaintiffs and defendants have lodged their appeal. It is argued by defendants that (1) the action is barred by the statute of limitation; (2) that all of the testimony of Floyd G. Hubbell concerning his communications or transactions with I. G. Lumm, deceased, was incompetent; (3) that the admissible evidence is wholly insufficient to sustain the judgment of the court reforming the deeds and assignment.

The question whether a claim will be held to be stale in equity must be determined by the facts and circumstances in each case, and according to right and justice. What constitutes a stale claim is not determined by lapse of time alone; resulting damage to the other party must also be shown. Cassidy v. Gould, 86 Okl. 217, 208 P. 780; Indian Land & Trust Co. v. Owen, 63 Okl. 127, 162 P. 818.

Under the record here presented the delay of plaintiffs is not shown to have operated to the disadvantage of persons who might have been entitled to urge such defense. Especially in view of the fact that the record reveals that the mineral interests in and under S½ of NE¼ of Sec. 34, Twp. 14 N. Range 6 East, were not claimed by these defendants in the inventory and appraisement filed by them in the probate proceedings of the estate of I. G. Lumm, deceased.

In view of the fact that this action is concerning mineral interest, one would never go into actual possession until the minerals were removed. In the case of Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119, this court held:

"Where there is a severance of the mineral estate from the surface estate, the owner of the minerals does not lose his right or his possession by any length of non-user, * * *"

Therefore we cannot agree with defendants that the authorities cited by them holding statute of limitations apply to those attempting to reform a deed where they have

been out of possession should apply in this case where only unexplored mineral interests are involved.

■ It is argued by defendants that the testimony of Floyd G. Hubbell concerning his communication or transaction with I. G. Lumm, deceased was incompetent, under section 384, Title 12 O.S.1951, which provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person. * * *"

The record reveals that this objection was raised at various times throughout the examination of the witness Floyd G. Hubbell, at which time the court reserved its ruling and at the close of the testimony, the defendants moved that all the testimony of said witness be stricken. The court sustained motion of defendants as to the conversation between Hubbell and deceased person as to their intentions at the time they made the deed. This ruling was not objected to by the defendants, therefore it is to be presumed that this ruling was understood and accepted by the defendants at the time.

■ The trial court made a finding in its decree that defendants never at any time owned any mineral interest in and under S½ of NW¼ of Sec. 34, Twp. 14 North, Range 6 East. This finding was supported by the evidence.

The record further reveals that the defendants did not claim the mineral interest in and under S½ of NE¼ of Sec. 34, Twp. 14 North, Range 6 East to be part of the estate of I. G. Lumm in the probate proceeding of his estate.

In case of First National Bank of Bethany v. Eagan, Okl., 263 P.2d 157, 158, this court held:

"Where evidence in case of equitable cognizance is conflicting trial court's finding thereon will not be disturbed on appeal unless clearly against the weight thereof."

■ The trial court found that it was the intention of the Lumms and of all other grantors and of all grantees that these conveyances should describe and convey the named interests in the S½ of NE¼ and that the writing of the description as S½ of NW¼ was in each instance merely an error. Those findings are supported by and are not contrary to the evidence or against the weight thereof.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.