Leonard R. CHURCHILL, Personal Representative and Administrator of the Estate of William L. Churchill, Deceased, Plaintiff in Error,

v.

A. H. MUEGGE, Fleta Muegge, Levi A. Evans, Ivy Evans, Defendants in Error.

No. 37734.

Supreme Court of Oklahoma.

March 18, 1958.

Cooper, Esco, Cooper & Foster, Wichita, Kan., I. D. Ross and David Ross, Newkirk, for plaintiff in error.

Elmer S. Rutherford, Robert N. Colombe, Tonkawa, for defendants in error, A. H. Muegge and Fleta Muegge.

O. E. McKenzie, Tonkawa, for defendants in error, Levi A. Evans and Ivy Evans.

CARLILE, Justice.

This is an appeal on the original record from an order denying a motion to vacate a judgment. Plaintiff in error is proceeding under 12 O.S.1951 § 1038, which authorizes the court to vacate a void judgment " * * * at any time, on motion of a party, * * * ". He does not contend that any of the other statutory provisions authorizing the vacation of a judgment are applicable.

The judgment roll, to which we are limited in arriving at our conclusion, Scoufos v. Fuller, Okl., 280 P.2d 720, discloses that on December 13, 1945, defendants in error, A. H. and Fleta Muegge, filed their petition seeking to quiet title to the Northwest Quarter of Section 15, Township 26 North, Range 2 West, I.M., Kay County, Oklahoma, against various persons, among whom was William L. Churchill. Service on Churchill was by publication. Mailing of the petition and publication service was held legal and approved. On October 6, 1956, Churchill filed his motion to vacate the judgment on the ground that it is void on the face of the judgment roll. Mr. and Mrs. Muegge, and Levi and Ivy Evans, who purchased the property subsequent to the default judgment, were served with process notifying them of the motion to vacate, and they filed answers to the motion. Prior to a hearing Churchill died, and the action was revived in the name of his personal representative, plaintiff in error. The trial court denied the motion and plaintiff in error appeals.

The plaintiff in error's first four propositions deal with the sufficiency of the petition to support the default judgment. Briefly, the pertinent parts of the petition allege that plaintiffs are the owners of the title in fee simple and are in possession of the described property; that their title was acquired by deed dated November 27, 1945, a copy of which was attached (the deed contains no mineral reservation or exception, but preceding recorded deeds in chain of title did); that they and their predecessors in interest are now and have been for more than 15 years last past in actual open, notorious, peaceable and adverse possession of the described premises, under claim of title; that each of the defendants claim to have some right, title, interest, lien, estate, or equity in and to the mineral rights in and under the above described land by reason of reservations in warranty deed, or by reason of unreleased oil and gas leases; that said William L. Churchill for more than 15 years past has not exercised any ownership in and to the said mineral rights; that plaintiffs and their predecessors in interest, by conveyances duly made a part of the public records, have had actual open, notorious, peaceable and adverse possession of any and all of the interests of said defendants last named in and to said mineral rights; that owing to the apparent interest in and to said mineral rights the record title of plaintiffs herein is clouded and plaintiffs have been hindered and delayed in their efforts, attempts and rights to sell and convey said mineral rights; plaintiffs further allege that if defendants have any title in such mineral rights the same is junior, inferior, subsequent, and null and void as against the interest of these plaintiffs herein, and should be so decreed, and pray that defendants be barred and enjoined from asserting any right, title, interest, estate or equity in the described premises adverse to plaintiffs.

It is contended that the foregoing petition does not sufficiently allege facts showing

title by adverse possession to the separate mineral estate of a co-tenant, thereby rendering the judgment void. See Douglass v. Mounce, Okl., 303 P.2d 430; Deruy v. Noah, 199 Okl. 230, 185 P.2d 189; Keeler v. McNeir, 184 Okl. 244, 86 P.2d 1004, which are cited on this point. Plaintiff in error also cites Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119, and Bates v. Old Mac Coal Co., Okl., 271 P.2d 315.

■ The general rule relating to an attack of this nature on the final judgment has been long recognized in this jurisdiction. Succinctly, it is:

"Where the court is one having the power to grant the relief sought, and having jurisdiction of the parties, if there is any petition at all invoking the action of the court or challenging judicial inquiry, a judgment based thereon cannot be assailed collaterally because of insufficiency of the allegations in the petition." Goldsmith v. Owens, 180 Okl. 268, 68 P.2d 849.

Conversely, a judgment which is entirely outside the issues in the case, and upon a matter not submitted to the court for its determination is void, a nullity, and may be vacated at any time. Hinkle v. Jones, 180 Okl. 17, 66 P.2d 1073, 1075. In the Hinkle case the following apt statement appears:

"* * * A careful examination of the petition will disclose the issues that could be presented to the court by the plaintiff and any judgment rendered outside those issues is void."

■ An examination of the petition in the quiet title action here attacked discloses that the issue of the superiority of the defendants in error's title in the mineral estate to that of the plaintiff in error, under the decisions and the rules and principles of law herein referred to was not sufficiently alleged to challenge judicial inquiry or invoke the action of the court thereunder. Therefore, the default judgment based on the petition is void and sub-

ject to collateral attack. It will be noted that the plaintiffs, in support of their claim of title to the mineral rights by adverse possession, allege that plaintiffs and their predecessors in interest have by "conveyances duly made a part of the public records, had actual open, notorious, peaceable and adverse possession of any and all of the interest of said defendants last named in and to said mineral rights". Such allegation is a conclusion on the part of the pleader, and in the absence of some alleged act on the part of the plaintiffs whereby actual development of the land for minerals was shown the allegations would be insufficient to charge adverse possession. It is conceded that the defendant Churchill reserved a mineral interest in the land in question in the prior recorded deed whereby he conveyed title, and the mineral estate so reserved was therefore severed from the surface estate. The opinion in Deruy v. Noah, supra, in referring to a claim of adverse possession of the minerals there involved, states [199 Okl. 230, 185 P.2d 191]:

"In the instant case defendant Deruy made no allegation or claim that he had at any time made any attempt to explore for oil, gas, or other minerals, or that he had done anything whatever toward taking or even authorizing the taking of minerals from the land."

The court expresses the same principle in Noble v. Kahn, supra, in the following language [206 Okl. 13, 240 P.2d 759]:

"It was not alleged or claimed by plaintiffs that they had taken actual possession of the minerals by drilling wells or opening mines for the statutory period."

"Adverse possession of a separate mineral estate is not established by the mere possession of the surface by its owner or by the surface owner's possession of the surface under a deed purporting to convey the mineral estate." Douglass v. Mounce, supra [303 P.2d 431].

"Where there is a severance of the mineral estate from the surface estate, the owner of the minerals does not lose his right or his possession by any length of non-user, nor can the owner of the surface acquire title by prescription to the minerals by his continued occupancy of the surface alone." Noble v. Kahn, supra.

The decision in Noble v. Kahn, supra, follows the holding and principles of law announced in Hester v. Watts, 203 Okl. 97, 218 P.2d 641, and State ex rel. Commissioners of Land Office v. Reynolds, 201 Okl. 400, 206 P.2d 184, 185, which cases hold:

"In an action to foreclose a real estate mortgage, if plaintiff desires to bring within the jurisdiction of the court and litigate an outstanding title or interest which on the face of the record is a valid paramount title, the plaintiff should allege the facts upon which he seeks to have his mortgage decreed to be a lien on such apparent paramount title."

The Reynolds decision, in referring to the sufficiency of the petition to invoke judicial inquiry on the point at issue, states:

"In the present case there are no allegations of exceptional facts, no specific allegations made as to this outstanding and superior title or interest, and in fact no direct reference made to such outstanding interest in any manner. There was only broad general language as we have heretofore noted. Thus in this case the plaintiff tendered no issue of fact or law as to such outstanding interest, and stated no facts or contentions upon which the court could adjudge the inferiority of the outstanding claim and interest, which upon the record was a paramount title.

"It has been often held that adjudications made outside the issues of the case are void for lack of jurisdiction to render the particular judgment."

In the case now before us the allegations of the petition relating to the mineral interests and plaintiffs' alleged title thereto by prescription are conclusions of law and contain no statements of facts to support the general allegations to the effect that plaintiffs and their predecessors in interest have by conveyances duly made a part of the public record had actual and adverse possession of the interest of the defendants in and to said mineral rights, and the further allegation that if defendants have any title in said mineral rights the same is junior, inferior, subsequent, and null and void as against the interests of the plaintiffs.

The case of Bates v. Old Mac Coal Co., supra, was a quiet title action which involved title to minerals reserved under warranty deed conveying the premises. In a prior quiet title action involving the same mineral interest a judgment was entered quieting title to the minerals in the plaintiffs. Defendants in the second quiet title action challenged the validity of the original or first judgment, on which plaintiffs relied, and asserted that it was void because the allegations of the petition, upon which the judgment was based, that the mineral reservation in the patentee's deed was void, was merely a conclusion of law and not a pleading of the ultimate facts sufficient to sustain a judgment rendered by default. The trial court in the latter action held that the judgment in the first title action was valid and res judicata of the issues presented in the second action. This court, in reversing the judgment of the trial court in the latter action, states in the opinion as follows [271 P.2d 318]:

"The court's jurisdiction in such matters does not and cannot extend to adjudication of matters neither properly raised by the pleadings nor supported by proof. This seems particularly true here, where the face of the record reflects that plaintiffs were granted a decree quieting title as against a paramount, outstanding title, with the uncommon result that they thus were permitted to enhance the extent of their

estate in property by acquisition of an interest which, on the face of the record, plaintiffs never had owned."

A preceding paragraph of the opinion states:

"And, even though evidence had been offered upon this question, under the rule in this jurisdiction, this evidence could not have provided the basis for a default judgment, since the only allegation relied upon was merely a conclusion of law, upon which issues cannot be joined." Citing cases.

Also, it is stated in the concluding paragraph of the opinion:

"In the present case the plea of res judicata is based upon a default judgment rendered upon publication service. The petition alleged only a conclusion of law, without allegation of any matters from which such conclusion could be drawn. Thus no issue was presented by the pleadings for the trial court's direct determination, and it was beyond the trial court's jurisdiction to render judgment purporting to quiet title. * * *".

Under the record in the present action, and the principles of law applicable thereto, we conclude and hold that the judgment of the District Court rendered on January 29, 1946, quieting title in the plaintiffs in and to all the minerals and mineral rights in the land involved, and barring and enjoining the defendant, William L. Churchill, from asserting any right, title, estate or interest in or to any of the minerals is void and the trial court erred in overruling and denying the motion of the defendant Churchill to vacate said judgment.

The order and judgment of the District Court overruling the said motion to vacate judgment is vacated and this cause is remanded for further proceedings consistent with the views expressed herein.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON and WILLIAMS, JJ., concur.